**WILSON et al. v. REED et al.**

No. 1665.

Court of Civil Appeals of Texas. Waco.

July 19, 1934.

Rehearing Denied Sept. 20, 1934.

M. E. Gates, of Huntsville, for appellants.

Seale & Seale and W. D. Lacey, all of Centerville, and M. L. Bennett, of Normangee, for appellees.

GALLAGHER, Chief Justice.

This is an attack upon the validity of the organization of Leona consolidated high school district in Leon county, Tex. Suit was instituted by appellants, Brack Wilson and three others, in their respective individual capacities, as resident electors, property taxpayers, and parents of children of scholastic age within the purported limits of said high school district and also within the limits of former common school district No. 43 of said county, against appellee Mary Jane Reed, county superintendent of schools of said county, the several county school trustees of said county, and the several trustees of said high school district, to enjoin them and each of them from asserting or claiming that said common school district No. 43 had been annexed to said high school district, and from in any way interfering with the control and management of the schools of said common school district No. 43 by the trustees thereof. Appellees' allegations were in general terms. The most material of such allegations were, in substance, that on and prior to August 25, 1930, common school district No. 43 was duly organized and functioning as such, with a suitable building and regular terms of school; that on or about said date said district No. 43 was, by the county school trustees, annexed to the then existing Leona high school district No. 2; that such annexation was in pursuance of an election held throughout the territory embraced in the proposed enlarged district, which election resulted in an affirmative vote in favor of annexation; that such election was ordered by the county judge of said county, and not by the county school trustees thereof; that the county judge was without lawful authority to order such election; and that the same was void and of no effect, and such annexation as aforesaid was therefore also void. Appellants also alleged that since such annexation the trustees of said high school district had abolished the school theretofore taught in district No. 43, had removed the school building therefrom, and had appropriated the funds belonging thereto. Appellants further alleged that the system of transportation instituted by the high school district for conveying the children within scholastic age in former district No. 43 from their respective homes, to the school in which they were taught, was insufficient and at times incapable of operation on account of the condition of the roads.

The case was submitted to the court for final adjudication, and appellees' general de-

murrer to appellants' petition was sustained and the cause dismissed.

## Opinion.

Appellants present for consideration a single assignment, in which they assert that the court erred in sustaining appellees' general demurrer and dismissing their suit. Appellees ask us to sustain the action of the court on the ground that the enlarged district had a de facto status as a quasi municipal corporation and that its validity could be assailed only by a proceeding in the nature of quo warranto, and also on the further ground that the organization of such district had theretofore been validated by legislative act. A purported corporation has a de facto status when there is a law under which it might have been created, a bona fide attempt to comply with such law amounting to a colorable compliance therewith, and actual user or exercise of corporate power thereunder. 14 C. J. p. 217 et seq., §§ 225, 226; McLeary v. Dawson, 87 Tex. 524, 538, 29 S. W. 1044; Allen v. Long, 80 Tex. 261, 266, 16 S. W. 43, 26 Am. St. Rep. 735. The annexation and resulting enlargement of said high school district appears from appellants' allegations to have been attempted under the provisions of articles 2922a and 2922c of Vernon's Civil Annotated Statutes. The first of said articles provides for the establishment of rural high school districts by order of the county school trustees by the process of grouping contiguous districts or annexing ordinary common school districts to contiguous high school districts already formed. Each exercise of the power so granted results in a re-creation of such high school district. The second of said articles provides, in substance, that no rural high school district containing a greater area than 100 square miles shall be formed without the vote of a majority of the qualified electors of such proposed district, voting at an election called for such purpose. While that article provides for such an election, it does not in terms declare who shall make the order therefor. It has been held that such order should be made by the county school trustees, and not by the county judge. Countz v. Mitchell, 120 Tex. 324, 38 S.W.(2d) 770, 774. Briefly stated, the only irregularity in such annexation asserted by appellants is that the election was ordered by the county judge instead of the county school trustees. We think the holding of such election under the circumstances was a colorable compliance with the requirements of the statute. Appellees' allegations show in effect that there had been continuous user or exercise of corporate power under such order of annexation for nearly four years at the time appellants filed this suit. We think the procedure in this case meets the test prescribed in the authorities above cited for determining when a purported corporation has a de facto existence. Such being the case, the validity of the enlarged and re-created high school district could be attacked only by direct suit in the nature of a quo warranto by the state, or in a proceeding in which the state was a party. Kuhn v. City of Yoakum (Tex. Com. App.) 6 S.W.(2d) 91, and authorities there cited; Terrell v. Clifton Independent School Dist. (Tex. Civ. App.) 5 S.W.(2d) 808, 810, par. 4 (writ refused); Dyer v. Consolidated School District No. 5, Callahan County (Tex. Civ. App.) 22 S.W.(2d) 712, par. 1; Bowen v. Board of School Trustees of Panola County (Tex. Civ. App.) 16 S.W.(2d) 424, 425, pars. 1 and 2. The case of Countz v. Mitchell, supra, cited and relied on by appellants, is not in conflict with the foregoing authorities. The attack in that case was made before the result of the election had been declared, and therefore necessarily before any order of annexation in pursuance thereof had been made.

Appellants alleged that the order of annexation was made August 25, 1930. They made further allegations tending to show that the enlarged district had been recognized as such and had claimed corporate capacity and exercised corporate powers since that time. The Legislature, in 1933, passed an act (Acts 1933, c. 31) validating such districts. Vernon's Ann. Civ. St. article 2815g—3. Curative acts have been held effective to validate school districts embraced within the terms thereof even though the procedure by which such districts were formed was so irregular as to render the same void. State Line Consol. School District v. Farwell Independent School District (Tex. Com. App.) 48 S.W.(2d) 616, 617, par. 4, and authorities there cited.

The validity of the Leona rural high school district after its enlargement by the annexation of said common school district No. 43 could not be attacked in the manner attempted in this case, and the judgment of the trial court is therefore affirmed.