**WEAVER et al. v. BOARD OF TRUSTEES OF WILSON INDEPENDENT SCHOOL DIST.**

**No. 5641.**

Court of Civil Appeals of Texas. Amarillo.

June 19, 1944.

Rehearing Denied Sept. 11, 1944.

Certificate Dismissed Nov. 22, 1944.

See 183 S.W.2d 443.

Underwood, Johnson, Dooley & Wilson, of Amarillo, and Truett Smith, of Tahoka, for appellants.

Nelson & Brown, of Lubbock, for appellee.

PITTS, Chief Justice.

Appellants, C. C. Weaver and thirty-five other named residents of Lynn County, filed suit on May 1, 1944, against appellees, The Board of Trustees of the Wilson Independent School District of Lynn County, naming R. A. Kahlich as president of said board, alleging that appellants are residents and property owners in the Morgan Independent School District of Lynn County; that the said district owned a brick school building, two residences for schoolteachers, a windmill, well, and tank located on land owned by the said district; that during the spring of 1938 the Wilson School District and the Morgan School District petitioned the County School Board of Lynn County to order elections in said districts to determine whether or not the Morgan District should be annexed to the Wilson District for high school purposes only, and that the trustees of the two districts agreed that a nine-months grammar school would be maintained in the Morgan District and that the grammar school would not be moved from the Morgan District until the Morgan District had held an election and voted to move the same; that the County School Board of Lynn County, on May 26, 1938, heard the petitions and ordered the elections, which were held on June 18, 1938, with a result that there were 16 votes for annexation and 17 votes against annexation in the Morgan District, and 143 votes for annexation and 3 votes against annexation in the Wilson District; that the Morgan District had not held an election to move the grammar school and that the Morgan District had not been abolished; that about the year 1942 the Board of Trustees of the Wilson District moved without authority the grammar school of the Morgan District to the Wilson District and there has not since been a grammar school maintained in the Morgan District; that since the annexation appellees have moved certain property from the Morgan District to the Wilson District; that appellees have advertised for sale on May 8, 1944 the two residences, windmill, tower and pipe, a tank, and tower; that such sale would be unlawful and without authority vested in the appellees so to make and that the same will result in irreparable injury to appellants and to the Morgan District unless an injunction issue to restrain appellees from making such sale; that appellees are threatening to

move the Morgan brick school building, and appellants prayed that a hearing be had and appellees restrained by a temporary injunction from selling the property advertised for sale and that on a final hearing the temporary injunction be made permanent and that a writ of mandamus issue, compelling appellees to return the property already moved by them and compelling them further to maintain a grammar school in the Morgan District for nine months each year.

Appellants presented their verified petition to the trial judge in chambers and notice was ordered issued for a hearing to be held in the afternoon of May 3, 1944, on the question of whether or not a temporary injunction should issue. A hearing was had before the trial court on May 3, 1944, with all parties present and represented by counsel. Judgment was rendered denying and refusing a temporary injunction, from which judgment appellants perfected an appeal to this Court, and we, on May 5, 1944, in order to protect this Court's jurisdiction pending appeal, issued a restraining order on the verified application of appellants, prohibiting the sale of the property in question by appellees on May 8, 1944.

The trial court filed findings of fact and conclusions of law but there was little, if any, controversy about the facts. The record discloses that the two districts in question presented petitions to the Lynn County School Board, with the requisite number of names on each, asking for orders of elections to determine if the Morgan District should be annexed to the Wilson District, as provided by Article 2922a, R.C.S., Vernon's Ann.Civ.St. Art. 2922a, and that it had been agreed that the grammar school would not be removed from the Morgan District to the Wilson District until the Morgan District held an election and voted to move the same and that a nine-months school would be maintained for the Morgan District; that on May 26, 1938, the County School Board ordered such elections held on June 18, 1938; that such elections were so held, with the result that the Morgan District voted 16 for annexation and 17 against annexation, and the Wilson District voted 143 for annexation and 3 against it; that on June 20, 1938, the County School Board canvassed the election returns and passed the following order:

"Be it resolved that from and after the passage of this resolution and order the Morgan Independent School District, a district of fewer than 250 scholastics according to the last census roll, shall stand annexed to the Wilson Independent District, a district of more than 250 scholastics according to the last census roll, and it is so ordered and declared by this Board that the Morgan Independent School District is annexed to the Wilson Independent School District.

"This action of the County Board is taken by virtue of authority given by Articles 2922a, and following articles, R.S. 1925, as amended, and hereafter these districts shall be governed as provided by law for such districts."

The trial court found the Morgan District was annexed to the Wilson District without any limitations by virtue of the above order and it further found that there had been no school held in the Morgan District since the scholastic year 1938–1939 and that the children of the Morgan District had been sent to the Wilson School; that the Morgan District had not elected any trustees and had not functioned as a separate school district other than the payers of school taxes in that district paid them as of the Morgan District; that the enlarged or combined district had been recognized by all authorities and persons dealing with it since the annexation as one district under the name of the Wilson Independent School District, and that all business and functions of the district had been carried on with, and by, the trustees of the Wilson Independent School District which embraced both districts. The evidence supports the findings of the trial court.

The record further discloses without contradiction that school buses have transferred the school children of the Morgan District to and from school in the Wilson District for the past five school years; that for the past five years the schools had not gotten any benefit from, nor made any use of, the property appellees were proposing to sell; that the said property had been occupied and used by different people without contracts and without paying any rentals for the same and that the same was deteriorating; that appellees planned to sell the said property in the interest of the schools and to use the money for the benefit of the schools; that

the Morgan school building was not being offered for sale; that the trustees of the Wilson Independent School District were elected by the voters of the enlarged district and two of the said trustees lived in the old Morgan District; that nobody had challenged the authority of the said board to manage and control all of the property of the enlarged district since the annexation until appellants filed their petition; that no request had been made to the said board for a school to be maintained at the Morgan schoolhouse and that a garage and coal shed had been moved from the Morgan school site some two years previously by order of appellees and used in the construction of a shop at the Wilson School.

Appellants complain in three points of error to the effect that the attempted annexation was made without the approval of the board of trustees of each school district affected; that there was an insufficiency of a valid annexation such as would confer legal authority for the proposed sale and diversion of the property in question by appellees and they claim there had been a breach of the obligation of appellees to maintain a grammar school in the Morgan District.

■ The statutes governing the creation and changing of school districts are many and varied and a liberal and practical interpretation must be given them; otherwise, they would fail because of apparent inconsistencies and conflicts. County School Trustees of Runnels County v. State, Tex.Civ.App., 95 S.W.2d 1001, writ dismissed.

■ The Court held in the case of Wilson v. Reed, Tex.Civ.App., 74 S.W.2d 415, that the validity of an enlarged and re-created district could be attacked only by direct suit in the nature of a quo warranto by the State, or in a proceeding in which the State was a party, especially when it is shown that there is a de facto existence. Numerous authorities are cited in support of such rule and there are some exceptions to the rule. However, the law provides that two school districts, such as the Wilson and Morgan Districts, may be grouped or annexed for school purposes by the county board of school trustees with the approval of the trustees of each school affected, and a lawfully selected board of trustees from the district at large shall have the management and control of the enlarged district. While appellants

contend that the annexation of the two districts was not valid because the trustees of the affected districts had not given their approval, witness, R. A. Kahlich, testified without contradiction that the annexation was made by order of the County Board after the elections "with the consent of the trustees." But in view of the elections held we do not consider it material in the instant case whether or not the County Board had the approval of the trustees of the districts affected, since such districts may be annexed or grouped for school purposes by the county board of school trustees without the approval of the local trustees of the districts affected, provided an election has been held in each district affected with a result that the question of grouping or annexing carried by popular vote in the proposed district at large. It is not necessary that the election carry in each district affected. Florey Common School Dist. No. 5 of Andrews County v. Board of School Trustees of Andrews County, Tex.Civ.App., 126 S.W.2d 536, writ refused, and authorities there cited.

■ Appellees contend that even though the County School Board had not strictly complied with the law in the attempt to annex the said districts for school purposes, the annexing of the Morgan District to the Wilson District by the said board of trustees had been twice since validated by the Acts of the 47th and 48th Legislatures in 1941 and 1943, pages 873 and 548, respectively, General and Special Laws of the Legislature for the said years. Articles 2815g—28 and 2815g—29 Vernon's Ann.Rev.Civ.St.

The said validating Acts provide that grouping or annexing of such districts by vote of the people or by action of the county board of trustees previously establishing or attempting to establish such a district by grouping or annexing, when the same has thereafter been recognized by either the State or county authorities as a school district, shall be validated in all respects as though such districts had been duly and legally grouped or annexed in the first instance, and the fact that, by inadvertence or oversight, any act of the officers of the county or the local trustees in the grouping or annexing of such districts into one district was omitted shall in nowise invalidate such district.

The rule has been well established that a validating act will serve to cure a de-

fect in such cases and validate the district if there has been a bona fide attempt by the proper authorities to establish the school district in question and if recognition has been given by either the State or county authorities to the established district or the one attempted to be established. State ex rel. Flores v. Bravo, County Judge, Tex.Civ.App., 162 S.W.2d 1052, writ refused.

It has likewise been held that a validating act will cure defects in an enlarged and re-created district even though the procedure by which such district was formed was so irregular as to render the same void. Wilson v. Reed, supra; State Line Consol. School Dist. No. 6 of Parmer County v. Farwell Independent School Dist., Tex.Com.App., 48 S.W.2d 616, and authorities there cited.

It clearly appears from the record in the instant case, however, that the County Board of School Trustees of Lynn County made a bona fide attempt on June 20, 1938, to annex the Morgan School District to the Wilson School District for school purposes and that such annexation has since been continuously recognized by the State and county authorities and by all the patrons of both districts affected, including appellants.

In view of the authorities cited, it is our opinion that the County Board of Trustees of Lynn County had authority to annex the Morgan District to the Wilson District without the approval of the local trustees of the said districts, but the said Board had such authority as a result of popular vote cast in the proposed enlarged district, showing 159 votes for annexation and 20 votes against annexation. But in case there may have been some irregularities in annexing the Morgan District to the Wilson District in 1938 by the County School Board, such irregularities, if any, were cured by the validating Acts passed by the Legislature in 1941 and in 1943, the same being Articles 2815g—28 and 2815g—29, Vernon's Ann.Rev.Civ.St.

We do not find from the record any breach on the part of appellees in their failure to maintain a grammar school in the old Morgan District since the school year 1938–1939. The record discloses that only one such school has been maintained since the said school year and it has been agreeably maintained at the Wilson school site without any complaint from anybody but, on the contrary, the patrons of the Morgan District have patronized and supported the Wilson School and the system of operating the same, and buses have been used to transfer the children of the Morgan District to and from the Wilson School. It appears that peace and harmony have prevailed for five years in the arrangement and that the patrons of the Morgan District have acquiesced in the arrangements.

We do not find any indications in the record that appellees were planning to divert or misuse any school property, but the record discloses that they were planning to preserve and protect the best interests of the enlarged school district and the interests of all the patrons thereof by selling the property that was standing idle and deteriorating, which we believe appellees have a lawful right to do. Articles 2753, 2754, 2767d, and 2922k, Vernon's Ann.Rev.Civ.St., and R. B. Spencer & Co. v. Brown, Tex.Civ.App., 198 S.W. 1179.

After carefully examining the record and appellants' points of error, we overrule the points of error, dissolve the restraining order issued by this Court on May 5, 1944, prohibiting the sale of the property in question by appellees pending this appeal, and affirm the judgment of the trial court.