### WEAVER et al. v. BOARD OF TRUSTEES OF WILSON INDEPENDENT SCHOOL DIST.

#### No. 5641.

Court of Civil Appeals of Texas. Amarillo.

Dec. 4, 1944.

Rehearing Denied Jan. 8, 1945.

Superseding opinion, Tex.Civ.App., 182 S.W.2d 140. See, also, 183 S.W.2d 443.

Truett Smith, of Tahoka, and Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellants.

Nelson & Brown, of Lubbock, for appellees.

HEARE, Justice.

In this cause the appeal from the interlocutory order of the trial court refusing to grant the appellants a temporary injunction to prevent the sale by the appellees of certain school properties has heretofore been affirmed. 182 S.W.2d 140.

On reconsideration of the entire case, the majority of this Court has reached the conclusion that the disposition which was made of the case by our original opinion was erroneous, and that the original order affirming the judgment of the court below should be set aside, the original opinion should be withdrawn, and the following opinion should be substituted in lieu thereof:

Appellants, C. C. Weaver and thirty-five other named residents of, and property owners in, the Morgan independent school district, in Lynn County, Texas, filed their petition in the District Court of Lynn County, complaining of the appellees, the Board of Trustees of the Wilson independent school district of Lynn County. The appellants alleged that in the spring of 1938, citizens of Wilson independent school district and citizens of the Morgan independent school district petitioned the county school board of Lynn County to order an election to determine whether or not the Morgan school district should be annexed to the Wilson school district for high school purposes only; that as a consideration for said action it was agreed between the Wilson school board and the Morgan school board that the Morgan district grammar school would not be moved "to Wilson" until the Morgan district had held an election and voted to move the same, and that a nine-months grammar school would be maintained in the Morgan district; that the county school board of Lynn County, on May 26, 1938, heard the petitions and ordered the election; that the order and the notices for the election each set out the agreement between the boards concerning the maintenance of the grammar school in the Morgan district; that the election was held and resulted in a vote in the Morgan district of 16 votes for, and 17 votes against, the annexation, and in the Wilson district of 143 votes for, and 3 votes against, the annexation. Appellants further alleged that no election has ever been held in the Morgan district to pass on the question of abolishing the Morgan school in the Morgan district, or of moving it to the Wilson district, but that the Board of Trustees of the Wilson district had, without authority, moved the grammar school from the Morgan district to the Wilson district; that the Wilson board had also, without authority, moved a garage, a coal shed, seats, and books from the Morgan school buildings and grounds to the Wilson school district and were, at the time of the filing of the petition, advertising for sale, and threatening to sell, two buildings and a windmill tower

and equipment belonging to the Morgan school district and located on its school grounds, all without authority. Appellants sought a writ of mandamus requiring the appellees, Board of Trustees, to hold and maintain a *nine-months* elementary school in the Morgan schoolhouse and to return to the Morgan district the properties which they had removed, and the appellants further sought an injunction, both temporary and permanent, restraining the appellees from selling the properties which they were advertising for sale.

The matter of temporary injunction to prevent the sale of the properties advertised was set for hearing by the trial court and upon such hearing, the writ of temporary injunction was denied. This appeal is from the interlocutory order of the trial court refusing to grant the temporary injunction. This Court has, pending the appeal, restrained the sale of the properties.

The ultimate question which the present appeal presents is whether a temporary *injunction should have been granted by* the trial court, preventing the sale of the properties pending the final determination of the case on its merits. The answer to such question rests primarily on a determination of the *power and authority of* the appellee Board to make the sale.

The record shows that on May 26, 1938, the date of the ordering of the election, the Morgan independent school district owned the school properties involved; that it was a school district with fewer than two hundred fifty scholastics; and that the Wilson independent school district had more than two hundred fifty scholastics. The record is silent as to the combined area of the two districts. The record further reveals that, following the election, the county board entered an order canvassing the returns and declaring the vote as alleged by the appellants and set out above, and ordering and declaring the Morgan independent school district annexed to the Wilson independent school district. It recited that "this action of the County Board is taken by virtue of authority given by Article 2922a and following articles, R.S.1925, as amended, Vernon's Ann.Civ.St. art. 2922a et seq., and hereafter these districts shall be governed as provided by law for such districts."

An elementary school was maintained in the Morgan school district for one school year following the election but for subsequent years the elementary pupils have attended the Wilson school, and the Morgan school properties have not been used for school purposes. State school authorities have recognized the new district. The two buildings advertised for sale are teachers' homes located on the Morgan school grounds. The seven-member board of trustees of the Wilson district has, since the 1938 election, always had at least one of its members from the Morgan district area and now has two.

■ By the first point in their brief the appellants challenge the validity of the annexation of the Morgan district to the Wilson district, contending, among other things, that the county board failed to get the approval of the board of trustees of the Morgan independent school district for the grouping or annexation as required by Article 2922a, R.C.S. 1925, as amended. We are doubtful that the issue is raised by the pleadings of the appellants but the question is presented and answered by the briefs of the parties and we shall dispose of it.

It appears from the record that the proceedings for annexation were governed by the provisions of Chapter 19A, Article 2922a et seq., which are set out in Volume 8 of Vernon's Annotated Civil Statutes, and deal with the establishment and control of rural high schools. Article 2922a provides for their establishment by the county school trustees by the grouping of certain school districts or the annexation of one district to another, where the districts involved fall within the classifications specified in the article. Among the classifications is that of annexing an independent school district having less than two hundred fifty scholastic population to an independent school district having two hundred fifty or more scholastic population. Article 2922c provides that in the event the rural high school district to be formed shall contain a greater area than one hundred square miles its formation must be authorized by a vote of a majority of the qualified electors in the proposed rural high school district voting at an election called for such purpose. The record discloses that at the time the county school board entered its order annexing the Morgan district to the Wilson district, the Wilson district contained more than two hundred fifty, and the Morgan district contained less than two hundred fifty, scholas-

tic population. As stated, the record is silent on the extent of the combined area of the Wilson and Morgan districts.

We are unable to agree with the appellants in their contention that the annexation was invalid. If the two districts, as a matter of fact, contain a greater area than one hundred square miles, then the annexation was authorized by the election which was held, because Article 2922c does not require that the proposition receive a majority vote in each of the elementary districts, but only requires that a majority of the votes cast by the electors in the proposed rural high school district shall favor the proposition. The record reveals that a substantial majority of the voters in the proposed district did favor the annexation. If, however, the rural high school district contains an area of one hundred square miles or less, then it is our opinion that the record and the pleadings of the appellants confirm that both the Morgan school board and the Wilson school board approved the annexation and that under the terms of Article 2922a the annexation was valid. The last-cited article provides that in the event the county school trustees shall annex an independent school district having less than two hundred fifty scholastic population to an independent school district having two hundred fifty or more scholastic population, the action must be taken upon the approval of the board of trustees of each school district affected. In such instance no election is required. Exhibit C, attached to the plaintiffs' petition and introduced in evidence by the plaintiffs, is a record of the minutes of the county school board at its meeting on May 26, 1938, when it ordered the election to be held on the issue of the annexation of the Morgan district to the Wilson district. These minutes contain a statement of an agreement between the Wilson school board and the Morgan school board concerning the location and maintenance of elementary schools in the new district. In the plaintiffs' trial petition, which is the only pleading before the Court, it was alleged that the Wilson board agreed with the Morgan board, in connection with the proposition of annexation, that the grammar school would not be moved to Wilson without an election and that a nine-months school would be maintained in the Morgan district. On the basis of this agreement, the appellants seek a writ of mandamus requiring the Wilson board to maintain a

school in the Morgan district. We are of the opinion, therefore, that the record reveals an approval of the annexation by the school boards of both the Morgan and Wilson districts, even though the Morgan school board's approval was given on certain conditions that may have thereafter been violated by the new Wilson school board. In other words, it is our opinion that the record conclusively shows that both the Morgan school board and the Wilson school board passed upon the proposition and gave their approval. Furthermore, we are of the opinion that the annexation has been validated by the 47th Legislature in its Acts of 1941, page 875, chapter 546, now appearing as Article 2815g—28, Vernon's Annotated Civil Statutes, and again validated by the Acts of the 48th Legislature in 1943, page 548, chapter 327, now appearing as Article 2815g—29, Vernon's Annotated Civil Statutes. The appellants' first point of appeal, challenging the validity of the annexation, will therefore be overruled.

By the third point of appeal, the appellants challenge the legal authority of the appellees to sell the school properties in question belonging to the Morgan district, even though the annexation may be valid. We are of the opinion that this point must be sustained, because we have reached the conclusion that the present board of trustees of the Wilson independent school district is without legal authority to sell the school properties that belonged to the Morgan independent school district at the time of the annexation. As we have heretofore stated, Chapter 19A of the statutes deals with the establishment and control of rural high schools. Article 2922a provides, in part, as follows: "Provided that the county school trustees shall have the authority to abolish a rural high school district on a petition signed by a majority of the voters of each elementary district composing the rural high school district and when such district has been abolished *the elementary districts shall automatically revert back to their original status,* with the exception that in the event there are any outstanding indebtednesses against the said rural school district each elementary district shall assume its proportional part of the debts." (Emphasis ours.)

The term "elementary school districts" refers to all districts, either common or

independent, composing a rural high school district. Article 2922b.

Article 2922f provides, in substance, that the county board of school trustees shall not have the authority to abolish any elementary school district already established except upon the vote of a majority of the qualified electors residing in such district, unless the average daily attendance for the preceding year falls below twenty. It is shown in the record that the average daily attendance in the Morgan elementary school during the last year school was held there exceeded twenty. There has been no election in the Morgan district wherein a majority of the qualified voters favored its abolition. In fact, the only election shown to have been held was on the question of annexation of the Morgan district to the Wilson district for the purpose of forming a rural high school district and in that election a majority of the Morgan district voters said "nay."

It necessarily follows, therefore, that the Morgan elementary district has not been abolished. Nor has it been consolidated with the Wilson independent school district as contemplated by Article 2806. It still has its legal existence although no school has been held within its confines for a period of five years. This view is supported by Texas authorities. In State ex rel. Lowe v. Cadenhead, Tex.Civ.App., 129 S.W.2d 743, 746, writ refused, the Court said: "When school districts are *consolidated* they cease, for most purposes at least, to have any independent existence. On the other hand, when school districts are grouped or one or more annexed to another under the authority of said chapter 19A, Title 49 of R.S.1925, to form a rural high school district, the former districts do not cease to have an independent existence."

As an existing and continuing legal entity, the Morgan school district still owns its school properties. We find no statutory provision attempting to divest an independent school district of the title to its school properties by virtue of its annexation to another independent school district for rural high school purposes only.

■ By article 2922e it is provided that "the control and management of the schools of a rural high school district, established under the provisions of this Act, shall be vested in a board of seven trustees, elected by the qualified voters of the said district at large, who shall be elected and serve in accordance with the provisions of the General Law relative to common school districts, except as may be otherwise provided herein; * * *."

The controlling question then arises: Does this provision of the law give the trustees of the rural high school district the power to sell school properties belonging to one of the elementary districts forming the rural high school? Section 1 of Chapter 13, Title 49 (Articles 2741–2756b), R.C.S.1925, Vernon's Ann.Civ.St. arts. 2741–2756b, makes provision for common school districts. In that chapter are found the powers conferred upon trustees of common school districts. Article 2749 provides that the "said trustees shall have the management and control of the public schools and public school grounds; * * *." And Article 2754 provides that "all school houses erected, grounds purchased or leased for a school district, and all other property belonging thereto, shall be under the control of the district trustees of such district." These Articles were originally enacted in 1905. Apparently, however, the Legislature construed them as insufficient to vest the trustees with the power to sell property belonging to the school district, because at the time it enacted them, it also enacted Article 2753, which expressly granted authority to "the trustees of any school district, upon the order of the county trustees prescribing the terms thereof, when deemed advisable," to make sale of any property belonging to said school district. Had the authority to manage and control the properties included the authority to sell, then Article 2753 would have been wholly unnecessary. Its enactment clearly indicates that the Legislature did not construe the granted authority for management and control to be broad enough to include the power to sell school properties.

That the board of trustees of a rural high school district formed by grouping common school districts does not have the power to remove from its location a school building belonging to one of the common school districts composing the group has been held in Chastain v. Mauldin, Tex.Civ. App., 32 S.W.2d 235, 237. We quote from the opinion: "The trustees of the grouped district were invested with the power and charged with the duty of conducting schools and of administering all school property and funds of all the districts within the

boundaries of the consolidated districts. But they did not have the right to divert property or funds of one district to another, or to the grouped district. * * * It follows that they did not have the power to remove the school building of the Panther Creek district to the Grosvenor district, as that would have been a diversion of the property from its proper purpose and object. The only consolidation affected by the grouping was that of the funds collected from taxation for general maintenance. The ownership of school buildings of the several districts remained the property of those districts and could not be divested or impaired by the trustees of the grouped district. We believe and so hold that in attempting to remove the school building the trustees were about to perform a wholly unauthorized act."

We are of the opinion, and so hold, that the board of trustees of the Wilson independent school district lack the authority to sell the properties which they are attempting to sell, and that the temporary injunction sought by the appellants should have been granted.

The other relief sought by appellants has not been passed on by the trial court and the issues involving it have not been joined by either pleading or proof thereon and are not before us in this appeal.

Appellants' motion for a rehearing is granted, the judgment of the court below is reversed, and the cause remanded with instructions that a temporary writ of injunction issue restraining the appellees from selling the property in question, said writ to remain in force until final disposition of the cause on its merits.

PITTS, C. J., dissenting.

PITTS, Chief Justice (dissenting).

I think it is proper to make the following statements in chronological order about this case in order to justify the delay in making a final disposition of the same by this court as well as for any other purpose, if any, that such statements may serve:

On June 19, 1944, the original opinion in this case was announced;

On September 11, 1944, appellants' motion for a rehearing was overruled;

On September 26, 1944, appellants' motion to certify certain questions to the Supreme Court was filed in this court;

On September 30, 1944, the same being the last Saturday of September, the last term of this court adjourned;

On October 2, 1944, the same being the first Monday in October, a new term of court (the present term) opened;

On October 2, 1944, appellants' motion to certify certain questions to the Supreme Court was submitted in this court;

On November 6, 1944, a majority of this court, with the undersigned dissenting, set aside on their own motion the former order of this court overruling appellants' motion for a rehearing;

On November 6, 1944, appellants' motion to certify certain questions to the Supreme Court was granted;

On November 15, 1944, this court certified three questions to the Supreme Court and the same was filed in the Supreme Court on November 17, 1944;

On November 22, 1944, the Supreme Court dismissed the certificate;

On this date a majority of the court in the foregoing opinion have set aside the order affirming the judgment of the trial court and withdrawn the original opinion with the undersigned dissenting.

. I cannot agree with my associates in the disposition made by them of this appeal. I concur in their holding that the Morgan Independent School District was annexed to the Wilson Independent School District and that the annexation had been twice subsequently validated by Acts of the Legislature, however, I do not share in the doubt expressed by my associates as to whether or not the issue of a valid annexation was raised by the pleadings. In my opinion appellants have sufficiently raised for our consideration the said issue in their pleadings, together with the exhibits attached thereto.

I cannot agree with the holding of my associates to the effect that the Board of Trustees of the Wilson Independent School District had no authority to sell the property they proposed to sell and I adhere to the original opinion handed down by this Court and reported in 182 S.W.2d 140, with additional reasons herein given.

It has been held that a liberal and practical interpretation should be given statutes relating to creating and changing school districts in order that pupils in rural districts may have proper school ad-

vantages. County School Trustees of Runnels County et al. v. State et al., Tex. Civ.App., 95 S.W.2d 1001, and County Board of School Trustees of Limestone County et al. v. Wilson et al., Tex.Civ.App., 15 S.W.2d 144.

A careful analysis of the facts of this case and a careful study of the law reveals to me that the trial court properly held that the order of the Lynn County School Board of date June 20, 1938 annexing the Morgan Independent School District to the Wilson Independent School District did not fully comply with any particular statute authorizing annexation or joining the districts together in any other manner for school purposes. But it appears to me from the said order that an attempt in good faith was made and that the Morgan Independent School District was annexed to the Wilson Independent District for all purposes and without any restrictions, reservations, or limitations. It further appears that the evidence supports the findings of the trial court to the effect that the new district had been recognized by all authorities and persons dealing with it since it was created as being one district which embraced the two former independent districts and that the new district was known by all as the Wilson Independent School District with the trustees thereof being elected by the voters of the enlarged district. It appears from the record that there was a contemplation in the beginning to abolish the Morgan District by election if the new arrangement proved satisfactory and, although prior to the holding of the elections there had been an agreement between the trustees of the two districts to maintain a grammar school in the Morgan District unless it was abolished by election, nothing was said about such agreement in the order annexing the Morgan District to the Wilson District and no request was ever made to the school board of the new district that a grammar school be held at Morgan and no complaint was ever made to the said board because a grammar school was not being held at Morgan. The record discloses that a grammar school was maintained at Morgan the first year after the annexation but thereafter discontinued and obviously it was discontinued by mutual consent and only one school was conducted at the Wilson School thereafter by mutual agreement, thus eliminating any need for an election to be held, if such was ever necessary, on the question of maintaining a grammar school at Morgan, since it appears that the new arrangement proved satisfactory. And for a period of five years prior to the filing of this suit the school board of the new enlarged Wilson Independent School District maintained only one school in the district for all pupils and for all grades and provided daily bus transportation for all of the pupils from the former Morgan District to the new Wilson Independent School District. During all of the five-year period the patrons of the enlarged district paid their taxes, pooled their funds, and pooled their efforts in support of the one school maintained and it appears from the record that such was done agreeably and harmoniously. The record does not reflect any bad feeling existing between the patrons of the new district or between the patrons and the school board at the time of the trial of this case. The school seats and some books were moved from the old Morgan School to the new Wilson School for use in the new school and some two years prior to the trial of the case a garage and coal house were moved from the old Morgan School to the new Wilson School by the Wilson School Board and used there in building a shop or an agricultural building to be used by the new school and no complaint was made about such until this suit was filed and then no patrons nor party to the suit made any complaint about either of such acts as a witness before the trial court.

It is my opinion that the patrons of the two schools, the school boards, and the county school board of Lynn County felt the need in 1938 of affording better school advantages for the pupils of the two districts, attempted to make such a change lawfully, and through their efforts effected for all purposes a consolidation in reality by joining, without limitation, restriction, or reservation, the Morgan Independent School District to the Wilson Independent School District and supported the new district and operated only one school with at least a de facto existence for some two years before the new district was validated as it then existed by an Act of the Legislature in 1941 and again in 1943, and that they have since had a valid consolidated independent school district for all purposes regardless of any irregularities that may have existed in the procedure of the county school board in joining the two districts together.

It has been held in the case of State ex rel. Flores et al. v. Bravo, County Judge, et al., Tex.Civ.App., 162 S.W.2d 1052 (Writ Refused) that before a school district can be validated by Legislative Act, there must have been a bona fide attempt by the proper authority to lay out and establish such a district and thereafter such a district must have been recognized by the state or county authorities. In the instant case the record shows conclusively that there had been a bona fide attempt by the proper authorities to establish the Wilson Independent School District by joining the Morgan District to the former Wilson District and certainly the record discloses conclusively that the new Wilson Independent School District was thereafter recognized as such by both the state and county authorities and all others who had dealings with it for a period of, at least two years before the passing of the Validating Act of 1941 and for four years before the passing of the Validating Act of 1943.

I have found no case reported parallel to this case and none has been cited. I do think the principles of law enunciated herein are sound and are strongly supported by the case of Wilson et al. v. Reed et al., Tex.Civ.App., 74 S.W.2d 415, 416, and authorities there cited, which case was cited by appellees. In that case the controversy was over the annexation of a common school district to a high school district as a result of elections ordered by the county judge instead of the county school trustees. In that case the court said, "We think the holding of such election under the circumstances was a colorable compliance with the requirements of the statute." In that case the new district had existed and had been recognized for nearly four years before the original suit had been filed and the court held that there was at least a de facto existence which was validated by Legislative Act. In the instant case, I think there was a colorable compliance with the requirements of the statutes in holding the elections, in the procedure of the county school board, and in the acts and conduct of the patrons and parties to this suit all of which established the existence of a de facto independent school district that was subsequently twice validated by Acts of the Legislature and that such a district had existed and been recognized for more than five years before this suit was filed.

It seems that a consolidated district is recognized as a single district composed of two or more districts joined together, each of which has lost its separate identity, unless it be for certain limited purposes in connection with taxation. In such a district elementary schools may be located within the consolidated district by the board of trustees as the need for the same may appear. While in the case of grouping or annexation under the Rural High School Act, each district composing the new district retains its identity and separate elementary schools must be maintained therein unless the average daily attendance for the preceding year was less than 20. Article 2922f, R.C.S.; County Board of School Trustees of Limestone County v. Wilson et al., Tex.Civ.App., 5 S.W.2d 805; and 37 Tex.Jur. 901, sec. 41.

In the instant case the new Wilson Independent District was recognized as one single district, the Morgan District had lost its identity except that the tax receipts issued to the local taxpayers who lived within the bounds of the old Morgan District showed that the taxes in such cases were collected from the Morgan District for the Wilson District, and no elementary school was maintained in the Morgan District for a period of five years prior to filing this suit.

The record discloses that the property offered for sale had been standing idle for more than five years deteriorating and bringing no revenue for the school; that it had a fair salable value at the time it was offered for sale but would have no value within a few years and that the purpose of the Wilson trustees in selling the property was to protect the best interests of the school and the patrons thereof. It further appears that there is no issue of conversion in the instant case as was found by the court to be the only issue in the case of Chastain et al. v. Mauldin, Tex.Civ.App., 32 S.W.2d 235, which case is cited in the majority opinion. The court stated in the Chastain case (which was admittedly a case of annexation under the provision of article 2922a, R.C.S.) that it did not hold that the trustees were without authority under proper safeguards to remove the school building in question but it held that the trustees did not have authority in that case to convert the school building. In the instant case the motive of the Wilson School Board is in no way impugned by appellants, who allege

only that it "would be wholly unlawful" for appellees to make a sale of the property.

It is my opinion that there was nothing more than a de facto existence of a new consolidated independent school district when it was validated twice by Acts of the Legislature and that as a result of such existence and validations, the Morgan School District lost its identity as a separate district and that the title to all of its property, both real and personal, became vested, as provided for in Article 2767d, Vernon's Ann.Civ.St., in the new district known by all throughout its existence as the Wilson Independent School District and that the trustees of the said district had the authority to sell the property in question.

It is therefore my opinion that the restraining order issued by this court on May 5, 1944, prohibiting the sale of the property in question pending this appeal, should be dissolved, the judgment of the trial court affirmed, and the motion for a rehearing overruled.