WILSON INDEPENDENT SCHOOL DISTRICT V. C. C. WEAVER ET AL.

No. A-481. Decided May 2, 1945.
(187 S. W., 2d Series, 221.)

*Nelson, Brown & McCleskey,* of Lubbock, for petitioner.

*Underwood, Johnson, Dooley & Wilson,* of Amarillo, for respondents.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Application for writ of error in the above cause is pending in this Court. Among other contentions, petitioner urges that the Court of Civil Appeals had lost jurisdiction over the cause by reason of the expiration of the term at which a prior judgment had been rendered therein, and as a consequence its purported judgment rendered at the subsequent term is void. The material facts are these:

The original opinion of the Court of Civil Appeals was rendered June 19, 1944. Judgment was in favor of petitioner. Motion for rehearing was overruled September 11, 1944, at the 1943-44 term of that court. 182 S. W. (2d) 140. Motion to certify to the Supreme Court was filed on September 26, 1944, at the same term of court, and was pending and undisposed of when that term of court expired on October 1st. On October 2, 1944, after the beginning of the 1944-45 term of court, the Court of Civil Appeals granted the motion to certify, and on November 6, 1944, set aside the prior judgment and order overruling the motion for rehearing, and certified the case to the Supreme Court. This Court declined to allow the Court of Civil Appeals to certify the case and sent it back. 143 Texas 152, 183 S. W. (2d) 443. Thereupon the Court of Civil Appeals, at the 1944-45 term, rendered judgment in favor of respondents. 184 S. W. (2d) 864.. The question is, did the Court of Civil Appeals have the right at the 1944-45 term to set aside the judgment rendered at the previous term where the motion for rehearing had been overruled at the prior term, but a motion to certify was pending and undisposed of at the end of the 1943-44 term?

The following Rules bear on the question:

"Rule 461. Questions of Law Certified.—Whenever there shall arise an issue of law which a Court of Civil Appeals should deem advisable to present to the Supreme Court for adjudication, the presiding judge shall certify the question to be decided by the Supreme Court. Pending the decision of the Supreme

Court, the cause in which the issue is raised shall be retained for judgment in harmony with the decision of the Supreme Court upon the issue submitted. The Supreme Court reverses the right to exercise its discretion in determining whether or not it will decide certified questions in cases which can lawfully reach it on writ of error. All rules regarding certified questions will be construed in the light of this provision."

"Rule 465. Motion to Certify.—At any time within fifteen days after overruling the motion for rehearing either party may file a motion asking the court to certify a question to the Supreme Court. After the expiration of that date, if no motion is filed, the court may not be required by mandamus to certify."

We are of the opinion that the Court of Civil Appeals had such jurisdiction over the cause as would authorize it to set aside its former judgment rendered during the 1943-44 term, and to render a new judgment therein during the 1944-45 term.

The term of each Court of Civil Appeals begins on the first Monday in October of each year and continues in session until the first Monday in October of the succeeding year. Revised Statutes, Art. 1816.

Rule 465 authorizes the filing of a motion to certify at any time within fifteen days after overruling of motion for rehearing. In this instance the motion to certify was timely filed, and was pending when the 1943-44 term expired. Rule 461 contemplates that when a cause is certified to the Supreme Court, the Court of Civil Appeals retains such jurisdiction over the cause as will enable it to render such judgment therein as the law and facts require.

We interpret the rules as meaning that when a motion to certify is timely filed and is pending undisposed of at the end of the term, or when the time for filing same has not expired when the term ends and such motion is timely filed thereafter at the succeeding term, the Court of Civil Appeals retains such jurisdiction over the cause as will enable it to set aside its former judgment at the succeeding term and render a different judgment therein. Consequently, the Court of Civil Appeals had the right in this instance, during the 1944-45 term, to set aside the judgment rendered at the prior term and to render a different judgment therein.

In this connection it should be noted, however, that the filing of a motion to certify does not extend the time for filing an ap-

plication for a writ of error. The time for filing an application for writ of error begins with the overruling of the motion for rehearing. Rule 468, T. R. C. P.

We have carefully considered the opinion of the Court of Civil Appeals on the merits, and have concluded that a correct judgment was rendered therein. The application for writ of error is therefore Refused for Want of Merit.

Opinion delivered May 2, 1945.