HANKINS et al. v. CONNALLY et al.

No. 2746.

Court of Civil Appeals of Texas. Waco.

Nov. 6, 1947.

Rehearing Denied Dec. 4, 1947.

C. O. McMillan, of Stephenville, for appellants.

Kilpatrick & Kilpatrick, of Cleburne, for appellees.

TIREY, Justice.

The County Judge of Somervell County, in his official capacity, brought this suit against defendants to recover for conversion of certain lumber in a school house belonging to the Barker Branch Common School District. He alleged substantially that defendants had gone upon the school property and wrecked the building, and he caused writ of sequestration to issue, and levy was made upon the property. Defendants replevied the property and in their answer specially excepted to plaintiff's pleadings on the ground that plaintiff was without authority to prosecute the suit and thereupon the County School Board of Somervell County (not as a body corporate as provided in Art. 2683, Rev.Civ.Stats.. Vernon's Ann.Civ.St. art. 2683) and Glen Rose Rural High School District filed their plea of intervention in which they alleged in part that the County School Board of Somervell County is the equitable owner and holder of the real estate and the school building erected thereon, and further alleged that the Glen Rose Rural High School District is a proper party to the suit for the reason that the Barker Branch Common School District was consolidated with certain other school districts in the Glen Rose Common School District and merged into the Glen Rose Rural High School District and prayed that they be protected in their rights. The defendants excepted to this pleading substantially on the ground that it shows upon its face that none of the parties is entitled to maintain this action.

On the trial (non-jury) the court entered judgment in favor of the County Judge in his official capacity and the County School Board of Somervell County for the sum of $400 against the defendants and the sureties on their replevy bond, and decreed that said money shall be used for the use and benefit of the Barker Branch Common School District, and further decreed that the Glen Rose Rural High School District take nothing. The court made certain findings of fact set out in the judgment. There was no request made for findings of fact and conclusions of law and none found except as here stated. Pertinent to this discussion the court found:

"(b) That the title to the lumber involved in this law suit is vested in W. B. Stewart in his official capacity as County Judge of Somervell County, Texas, for the use and benefit of the Barker Branch Common School District;

"(c) That the defendants have converted the said lumber to their own use and benefit·

"(d) That the value of said lumber at the time of the conversion was $400.00;

"(e) That defendants replevied the lumber and the sureties on their replevy bond are W. M. Hawkins and Clayton Forsyth;

"(f) That the said W. B. Stewart, County Judge aforesaid, and intervenor, County School Board of Somervell County, Texas, are entitled to judgment against the said defendants and the sureties on their replevy bond for said amount of $400.00 and costs of this suit."

Appellants' first point is that "the court erred in finding that * * * (the) County Judge of Somervell County held title to the lumber involved in this law suit." We overrule this contention.

■■■ The record is without dispute that on April 7, 1883, J. W. Custer executed and delivered to the County Judge of Somervell County, and his successors in office, a deed conveying five acres of land in Somervell County for school purposes and that a school building was erected on such land known as the Barker Branch School. In August, 1943, the Barker Branch Common School District was, by an election, annexed to the Glen Rose Rural High School District under the provisions of Arts. 2922a and 2922c, Rev.Civ.Stats., as amended, Vernon's Ann.Civ.St. arts. 2922a, 2922c. The purpose of the election was "to determine whether Barker Branch School District (and the other school districts) shall be annexed by the County School Trustees to Glen Rose Rural High School District." (Parenthesis ours) Said election did not purport to abolish the school districts, but only to annex them. The regularity of the election is not assailed. On April 3, 1945, the County School Board of Somervell County met in regular session and upon motion made and duly seconded entered the following order:

"Whereas, of the seven elementary districts forming the Glen Rose Rural High School District, the records show that the average daily attendance of Oden, Cottonwood, Pleasant Hill, Barker Branch, Willow Branch and Porter elementary school districts for the last year school was taught in these districts was less than twenty; and Whereas Article 2922f authorizes the County Board to abolish Districts having less than twenty in average daily attendance:

"Therefore, be it ordered by the Somervell County Board the said Oden, Cottonwood, Pleasant Hill, Barker Branch, Willow Branch, and Porter elementary school districts be abolished and annexed to the Glen Rose Elementary District of the Glen Rose Rural High School."

This order, in so far as it undertook to abolish the Barker Branch Common School District, was void because it contravened Article 2922f of our statute, which provides in part:

"The county board of school trustees shall not have the authority to abolish or consolidate any elementary school district already established except upon the vote of a majority of the qualified electors residing in such elementary district; provided that when any school within an elementary district fails to have an average daily attendance the preceding year of at least twenty pupils it may be discontinued by the board of trustees of said rural high school district, and said district may be consolidated by the county board of school trustees with some other district or districts for elementary school purposes; * * *."

It is clear to us that the County School Board under this record did not have the authority to abolish the district and that the only authority that the trustees did have was to discontinue the school in the district and consolidate it with some other district, and this they did by annexing it to the Glen Rose Elementary District of the Glen Rose Rural High School. "When school districts are consolidated they cease, for most purposes at least, to have any independent existence. On the other hand, when school districts are grouped or one or more annexed to another under the authority of said chapter 19A, Title 49 of R.S.1925, to form a rural high school district, the former districts do not cease to have an independent existence." State ex rel. Lowe v. Cadenhead, Tex.Civ.App., 129 S.W.2d 743, 746, writ refused. See also County Board of School Trustees of Lime-

stone County v. Wilson, Tex.Civ.App., 5 S.W.2d 805.

Appellants further contend in effect that since the enactment of Article 2676 of our Revised Civil Statutes, Vernon's Ann.Civ.St. art. 2676, the general management and control of the public free schools and high schools of each county became vested in the five county school trustees elected from the county, as provided in said article, and further, that under the provisions of Article 2683, Rev.Civ.Stats. (each of said articles being a part of House Bill No. 217 of the General Laws of the Legislature passed at its regular session in 1915), the title to any school property which had theretofore been vested in the county judge and his successors in office vested in the county school trustees and their successors in office for public free school purposes, and that these provisions of the general statute repealed by implication Articles 2754 and 2756, Rev. Civ.Stats., passed by the Legislature in 1905. We cannot agree with this contention. The rule in Texas is that "the repeal of statutes by implication is never favored or presumed. When a new statute is passed dealing with the subject covered by an old law, if there is no express repeal, the presumption is that in enacting a new law the Legislature intended the old statute to remain in operation." See State v. Humble Oil & Refining Co., Tex.Civ. App., 187 S.W.2d 93, point page 100 (writ refused W.O.M.), and authorities therein cited. Our view is that because of this rule our Codifying Commission in 1925 left Articles 2754 and 2756, aforesaid, as a part of our statuory law and it is obvious that neither of the foregoing articles is in irreconcilable conflict with Articles 2676 and 2683 aforesaid. Our view is that since the school property in question was deeded to the County Judge of Somervell County and his successors in office, the County Judge of Somervell County and his successors in office holds title to the property in his official capacity for the Barker Branch Common School District. The finding of the trial judge to the effect that the title to the lumber involved is vested in the County Judge in his official capacity for the use and benefit of the Barker Branch Common School District is in accord with the provisions of Article 2756 aforesaid. Since Barker Branch Common School District had not been abolished as provided by the provisions of Article 2922f, it had not lost its identity, and since The County School Board (or trustees) as a body corporate had no title to this property, it could not prevail in this suit. Since said trustees did not file their plea of intervention as a body corporate, See Article 2683 aforesaid, the court should have dismissed their plea of intervention. See Butman v. Jones, Tex.Civ.App., 24 S.W.2d 796; Blanco County Board of School Trustees v. Mt. View Common School Dist., No. 18, Tex. Civ.App., 141 S.W.2d 751. It follows that since said trustees had no title to the property, it was not a necessary or indispensable party. It is also well settled that Glen Rose Rural High School District did not acquire title by said annexation. Weaver v. Board of Trustees of Wilson Ind. School Dist., Tex.Civ.App., 184 S.W.2d 864 (application for writ of error was refused for want of merit by the Supreme Court, written opinion 143 Tex. 530, 187 S.W.2d 221).

Our view is that the judgment of the trial court in so far as it ordered a recovery in behalf of the County Judge of Somervell County and his successors in office for the use and benefit of the Barker Branch District must be affirmed. The judgment in so far as it ordered recovery in behalf of the School Board of Somervell County is reformed and judgment here rendered dismissing the plea of intervention of the County School Board of Somervell County.

Our ruling as herein stated disposes of all of the other contentions raised by appellants.

The judgment of the trial court as reformed is affirmed