Wilma Dean WHITMORE, a minor, by her sister and next friend, Katie Coulter, et al., Appellants,

v.

H. W. STILWELL, as President of the Texarkana Junior College, et al., Appellees.

No. 15473.

United States Court of Appeals Fifth Circuit.

Nov. 23, 1955.

U. Simpson Tate, Dallas, Tex., for appellant.

John D. Raffaelli, Texarkana, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

PER CURIAM.

Plaintiffs, Negro minor residents of Texarkana, Texas, and the Texarkana Junior College District, here appeal from the judgment of the United States District Court for the Eastern District of Texas dismissing their suit for an injunction to restrain the College from denying them admission thereto solely on the basis of race. The court below refused to grant the relief prayed on the grounds: (1) although jurisdiction was obtained over the President of the College, the College itself, and the College District, not all of the individual members of the Board of Trustees were before the court and a decree failing to bind the entire Board would be "wholly ineffective"; (2) since after this suit

was brought, the Supreme Court decided Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, and the plaintiffs have not since re-applied for admission, it "cannot be presumed" that the College will not discharge the duties imposed upon it by the reasoning of that decision; (3) the court should not grant injunctive relief "until the Supreme Court has formulated its final decrees in the Brown case and companion cases"; and (4) plaintiffs did not show that in all respects they are qualified for admission.

It appears that the plaintiffs, in making application for admission to the College, first went to the office of the Dean and Registrar thereof, and advised him of their desire to attend the College. He informed them that it was not the policy of the institution to admit Negroes. This was later confirmed in writing.[1] All their efforts for admission after that time were based on the assumption, made by all concerned, that admission could be granted only to those plaintiffs who are in all respects eligible to attend the College.

█ The plaintiffs were met with the threshold objection that their qualifications failed in respect of race and no effort was made to prove their scholastic eligibility. In such circumstances a decree cannot issue unconditionally requiring the College to admit the plaintiffs, but since the action included a prayer for a declaratory judgment determining the plaintiffs' rights relative to admission, a decree may properly issue declaring that plaintiffs are entitled, as prospective students, to have their eligibility

---

1. The following letter dated June 9, 1952, was sent to each of the plaintiffs:

"Subject:—Your application to enroll in Texarkana College. At a meeting last night, after hours of deliberation and conferences with a group of Negro Citizens, the Texarkana College Board took the following action on your application to enroll in the Texarkana College:—

"In response to your inquiry with reference to your eligibility to attend the Texarkana Junior College, you are advised that Article 7, Section 7, of the Constitution of this State [Vernon's Ann. St.] provides that 'separate schools shall

be provided for the white and colored children * * *'

"Implementing this Section of the Constitution is Article 2900 of the Statutes which provides that 'no white children shall attend schools supported for colored children nor shall colored children attend schools supported for white children.' Therefore, under the laws and Constitution of this State you are not qualified to attend the Texarkana Junior College.

"The Texarkana College Board of Education

" By T. A. Bain, Secretary."

for admission determined on exactly the same basis as if they were members of the white race, and enjoining defendants from denying admission to any of the plaintiffs upon consideration pertaining to or on account of the illegal test of race.

■ In discussing the matter of proof as to scholastic eligibility, the trial court questioned its right to take judicial notice as to the status of the Dunbar High School, from which plaintiffs had graduated. There can be no doubt but that the Court has a duty to consider the appropriate records of the proper office of the State Board of Education to ascertain whether this high school is in fact an "accredited" secondary school.[2]

■ The trial court's holding that the individual members of the Board of Trustees are indispensable parties to this suit is inconsistent with well-established Texas law that the board of trustees of a school district is a corporate body and that suits by or against a school district must be brought by or against the board in its corporate capacity. Art. 2815h, § 20, Vernon's Civil Statutes of Texas; Hankins v. Connally, Tex.Civ.App., 206 S.W.2d 89. To add the requirement that where relief is sought against a school district the individual trustees must also be joined implies a rule nowhere suggested by the Texas authorities and a condition contradictory to the principle of corporate responsibility. We can discern no respect in which a decree binding the College, its President, and its Board of Trustees, in their corporate capacity, would be ineffective to alter the official policy of the institution.

■■ The district court also refused relief because it presumed that the College had changed its policy after the decision in Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873. We think such a presumption unwarranted where the fact had previously been proved to be otherwise and there was no suggestion from the College that such a change was contemplated. Moreover, there seems no sound basis for requiring the plaintiffs to re-apply for admission after they had brought suit and thus had asserted and were continuing to assert their constitutional rights in a plenary proceeding looking toward an injunction forever restraining the defendants from their unlawful conduct.

As for the propriety of declining to grant injunctive relief before the Supreme Court issued its final decree in Brown v. Board of Education, that argument, if it ever had any validity, was rendered irrelevant by the final order in that case. Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753.

The judgment is therefore reversed, with instructions to the district court that it declare that plaintiffs' right to admission in the Texarkana Junior College must be judged on the same basis as if they were members of the white race, and that the refusal of the defendants to admit plaintiffs on account of their race or color is unlawful; that it order the defendants forever restrained from refusing admission to any of the plaintiffs shown to be qualified in all respects for admission; and that it retain jurisdiction of the cause for orders at the foot of the decree until their qualifications are ascertained and their applications, if seasonably presented, are acted upon, not inconsistently herewith.

Reversed.

2. While we do not express an opinion on whether in fact this school is accredited, brief research shows that the Texas Education Agency publishes an official annual Public School Directory containing a list of accredited schools. This directory lists a Negro High School in Texarkana District as a four-year high school, accredited, and a member of the Southern Association of Colleges and Secondary Schools. Elsewhere this directory indicates that Dunbar is the only Negro high school in the district.

"Texas Education Agency, Public School Directory 1954–1955, List of Accredited Schools 1953–54." (Dates vary with each year).