

# The Attorney General of Texas

November 16, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John H. Poerner, Chairman
Railroad Commission of Texas
P. O. Drawer 12967
Austin, Texas 78711

Opinion No. MW-86

Re: Duty of Railroad Commission to set rates over carriers operating under seasonal agricultural licenses issued under section 5b of article 911b, V.T.C.S.

Dear Mr. Poerner:

You have asked the following question:

> In the administration of H.B. 1418 (new section 5b in the Motor Carrier Act), is it the Commission's duty to set rates to be charged by persons transporting property under the authority of a seasonal agricultural license?

Article 911b, V.T.C.S., authorizes the Railroad Commission to regulate specialized motor carriers, defined as persons who operate any motor propelled vehicle to transport "over irregular routes or irregular schedules, for compensation and for the general public . . . property requiring specialized equipment in the transportation and handling thereof. . . ." Sec. 1(i). Specialized motor carriers also include "those carriers who engage or desire to engage exclusively in the transportation of . . . agricultural products in their natural state. . . ." Id.

House Bill No. 1418, enacted by the sixty sixth legislature, amends article 911b to permit issuance of a seasonal agricultural license to persons transporting eligible agricultural commodities in their natural state over limited distances. Sec. 5b. The holder of a seasonal agricultural license is not required to obtain a certificate of convenience and necessity, and the license may be issued without notice, hearing, or proof of public convenience and necessity.

Section 4 of article 911b states the powers and duties of the Railroad Commission with respect to motor carriers:

> The Commission is hereby vested with power and authority and it is hereby made its duty to supervise and regulate the transportation of property for compensation or hire by motor vehicle on any public highway in this State, to fix, prescribe or approve the maximum or minimum or maximum and minimum rates, fares and charges of each motor carrier in accordance with the specific provisions herein contained. . . .

Since specialized motor carriers are "motor carriers" as defined by section 1(g), they are subject to regulation under section 4. Cf. Attorney General Opinion O-3994 (1941) ("motor carrier" in section 4 includes common carriers and contract carriers). House Bill No. 1418 does not exempt persons transporting property under a seasonal agricultural license from regulation under section 4. Repeals by implication are not favored. Hankins v. Connally, 206 S.W.2d 89 (Tex. Civ. App. — Waco 1947, writ ref'd n.r.e.). In our opinion, the Railroad Commission still has the authority and the duty "to fix, prescribe or approve" rates charged by specialized motor carriers under a seasonal agricultural license. Although the rates are often fixed by the certificates of convenience and necessity, see Transportation League, Inc. v. Morgan Express, 436 S.W.2d 378 (Tex. Civ. App. — Dallas 1969, writ ref'd n.r.e.), the Railroad Commission is not limited to that method of prescribing them. See Sproles Motor Freight Lines v. Railroad Commission, 157 S.W.2d 949 (Tex. Civ. App. — Galveston 1941, writ ref'd w.o.m.).

It has been suggested that rate-making is inappropriate since the purpose of House Bill 1418 was to avoid lengthy proceedings and inflexible regulatory schemes; however, the rate-making duties of the Commission provide great flexibility. It is authorized to establish either maximum or minimum rates or both. Its discretion is sufficiently broad to permit it to establish rates which will avoid the onerous burdens the bill was designed to prevent.

In our opinion, it is your duty to set rates to be charged by persons transporting property under the authority of a seasonal agricultural license.

### SUMMARY

> The Railroad Commission has the authority and the duty under article 911b, section 4, to set rates for a specialized motor carrier operating under the authority of a seasonal agricultural license.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
David Hughes
William G Reid
Lambeth Townsend