KRUEGEL v. RAWLINS et al. (No. 5910.)

(Court of Civil Appeals of Texas. Dallas. Jan. 8, 1916. Rehearing Denied Feb. 12, 1916.)

APPEAL AND ERROR ⬤⟾833—MOTION TO VACATE JUDGMENT IN NATURE OF REHEARING—TIME FOR.

A motion, to vacate the opinion and judgment of a Court of Civil Appeals in a case of which it had jurisdiction, made in such court nine years after such judgment was rendered, must be overruled, since all courts lose jurisdiction of final judgments rendered by them after adjournment of the term, except for the correction of clerical errors, mistakes, or defects of form, or some matters necessary to carry out the jurisdiction of the court, or to declare a judgment void rendered in a case not legally before the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3214, 3229–3240, 3244–3246; Dec. Dig. ⬤⟾833.]

Appeal from District Court, Dallas County.

Original motion in the nature of an application for rehearing, to set aside an opinion and judgment of the Court of Civil Appeals. Motion overruled. For former opinion, see 121 S. W. 216.

See, also, 103 Tex. 86, 124 S. W. 419; 148 S. W. 343.

Herman Kruegel, of Dallas, in pro. per.

RAINEY, C. J. This is a motion filed by Herman Kruegel to vacate, set aside, cancel, and hold for naught the opinion, decision, and judgment affirming the judgment of the Forty-Fourth district court of Dallas county, Tex., in case No. 507, styled Herman Kruegel v. A. B. Rawlins et al., reported in 121 S. W. 216.

The grounds relied upon for the granting of such relief are numerous, all of which have been duly considered, but we are met at the threshold with the proposition that we have no jurisdiction to grant the relief sought. The action taken by this court in disposing of said case was had on June 2, 1909, and a rehearing denied July 2, 1909. An application for a writ of error was made to the Supreme Court of this state, which was denied by that court January 12, 1910. 103 Tex. 86, 124 S. W. 419. Thus, it will be seen that about nine years elapsed since the affirmance of the judgment by this court. It is well settled in this state that all courts lose jurisdiction of final judgments rendered by them after the adjournment of the term at which rendered—

"except for the correction of clerical errors, mistakes, or defects of form, or some matter necessary to carry out the jurisdiction of the court, or to declare a judgment void rendered in a case not legally before the court." Chambers v. Hodges, 3 Tex. 517; Burke v. Matthews, 37 Tex. 73.

The case was properly before this court on appeal. The errors complained of were properly urged, this court had jurisdiction to dispose of the case on appeal, and the motion now before us is in effect to obtain a rehearing of the case. The time having elapsed for a reopening of the case, whether the decision is right or wrong, we have no power, at this late day, to set it aside, as it is not void.

The motion is overruled.