**WILSON FINANCE COMPANY et al.,**
**Appellants,**

v.

**STATE of Texas, Appellee.**

No. 10818.

Court of Civil Appeals of Texas.

Austin.

July 19, 1961.

Head & Lyle, Corpus Christi, J. C. Hinsley, Austin, for appellants.

Will Wilson, Atty. Gen., Henry G. Braswell, Asst. Atty. Gen., for appellee.

## PER CURIAM.

This motion, by the State of Texas, is to amend our judgment in our Cause No. 10,818, opinion dated December 7, 1960, [reported 342 S.W.2d 117] motion for rehearing overruled January 4, 1961, application for writ of error refused, N.R.E., April 5, 1961.

The amendment sought is that the judgment be enlarged by rendering judgment against appellants for the face amount of the supersedeas bonds filed by appellants in that case.

The only authorities cited by the State in support of its motion are Rules 435 and 364(g), Texas Rules of Civil Procedure the pertinent portions of which we quote:

"When a Court of Civil Appeals affirms the judgment or decree of the court below, or proceeds to modify the judgment and to render such judgment or decree against the appellant as should have been rendered by the court below, it shall render judgment against the appellant and the sureties on his supersedeas bond, if any, for the performance of said judgment or decree, * * *" (Rule 435).

"Where the judgment is in favor of the State, a municipality, a State agency, or a subdivision of the State in its governmental capacity, and is such that the judgment holder has no pecuniary interest in it and no monetary damages can be shown, the bond shall be allowed and its amount fixed within the discretion of the trial court, and the liability of the appellant on the bond shall be for its face amount if the appeal is not prosecuted with effect. The discretion of the trial court in fixing the amount of the bond shall

be subject to review. Provided, that under equitable circumstances and for good cause shown by affidavit or otherwise, the court rendering judgment on the bond may allow recovery for less than its full face amount." (Rule 364 (g)).

In Davis v. State ex rel. Incorporated Town of Anthony, 321 S.W.2d 636, 639, El Paso Court of Civil Appeals, writ ref., N.R.E., it was held that a summary judgment was improper in a suit brought in the District Court by the State upon a supersedeas bond given under the provisions of Rule 364(g) supra, the Court saying:

"* * * there is not an arbitrary forfeiture for the face amount, and under the Rule the court 'under equitable circumstances and for good cause shown by affidavit or otherwise, the court rendering judgment on the bond, may allow recovery for less than its full face amount.' We cannot believe that the intent of this rule is to penalize those who appeal their causes of action from an adverse decision because the State or a subdivision thereof is the opposing party."

We cite this case, and its language, as indicating, in our opinion, the proper procedure for recovery of damages or other liability on or under a supersedeas bond given under the circumstances of this case.

It is our opinion that Rule 435, supra, does not comprehend a judgment on a supersedeas bond such as is authorized under Rule 364(g). The judgment on the bond under Rule 435 is "for the performance of said judgment or degree" and for costs.

■ A judgment under Rule 364(g), as sought here, has no relation to the performance of the judgment obtained in Cause No. 10,818. It is for such liability as a Court may determine to be equitable

for taking a fruitless appeal. We believe the proper Court for an original decision of this question is a trial court.

■ The jurisdiction of this Court is, except in a few instances not relevant here, appellate. We do not believe either of the rules cited contains authority for this Court to originally try a suit for a money demand on a supersedeas bond, the judgment sought being for an additional recovery not related nor essential to the performance of the judgment which was superseded by the bond upon which suit was brought.

We also are of the opinion that we are without jurisdiction to act on the motion filed by the State because, even though we may have had jurisdiction of it while the cause was before this Court, our jurisdiction over the judgment in Cause No. 10,818 expired (except jurisdiction to enforce it) with the refusal of motion for rehearing, without opinion, on January 4, 1961. Rules 458 and 5, T.R.C.P.; Crews v. General Crude Oil Co., Tex.Civ.App., 287 S.W.2d 243; Beaumont, Kruegel v. Rawlins, Tex. Civ.App., Dallas, 182 S.W. 705, writ ref.[1]

We wish to make clear that this motion does not seek merely to correct an erroneous entry of a judgment. It, for the first time, seeks an adjudication of rights claimed under a supersedeas bond.

■ As indicated, we are of the opinion that this motion seeks to invoke our judicial discretion in an original proceeding which we are not authorized to entertain.

We are also of the opinion that if the subject matter of this motion was ever properly before us in cause No. 10,818, that our power to adjudicate with reference to it ceased when we overruled the motion for rehearing in that cause.

For these reasons, we dismiss this motion for want of jurisdiction.

Motion dismissed.

Statesman Pub. Co. v. Ben C. Jones & Co., Tex.Com.App., 206 S.W. 931.

---

1. This case holds that a motion to alter a judgment, as here, is, in effect, a motion for a rehearing. See also Gammel