**COIFFURE CONTINENTAL, INC.,**
**Appellant,**

v.

**Hans ALLERT, Appellee.**

**No. 18510.**

Court of Civil Appeals of Texas,
Dallas.

March 17, 1975.

Donald W. Keck, Keck & Barnes, Dallas, for appellant.

.Wm. A. French, III, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellee.

## ON MOTION FOR CONTEMPT

CLAUDE WILLIAMS, Chief Justice.

On January 23, 1975, we delivered our opinion in the above styled and numbered cause, reported in 518 S.W.2d 942 (Tex. Civ.App.—Dallas 1975, writ filed), in which we issued our temporary injunction restraining appellee Hans Allert from "engaging, directly or indirectly, in the practice of business of hairdressing or cosmetology within a radius of ten miles of any location or business owned by Continental Coiffures, Inc. in Dallas or Richardson, Texas," and further enjoining him from soliciting or diverting the business of any customer of Continental Coiffures, Inc. to his benefit or to that of any competitive beauty salon, pending final hearing on the merits of the cause now pending in the district court of Dallas County, Texas, but in no event beyond the period of ten months following August 19, 1974. On February 20, 1975, we overruled appellee's motion for rehearing and on March 3, 1975, appellee Allert filed his application for writ of error to the Supreme Court of Texas.

On March 5, 1975, Coiffure Continental filed its motion in this court asking us to punish Allert for contempt for violating our injunctive decree. Allert challenges our jurisdiction to consider the contempt motion contending that the Supreme Court acquired exclusive jurisdiction over the cause at the time the application for writ of error was filed. We agree.

In Johnson v. Sovereign Camp, W.O.W., 125 Tex. 329, 83 S.W.2d 605, 608 (1935), the Supreme Court said:

When [the] application for writ of error was filed with the clerk of the Court of Civil Appeals, the jurisdiction of the Supreme Court immediately attached, and thereafter the Court of Civil Appeals was without authority to make any order in the case.

In Ammex Warehouse Co. v. Archer, 381 S.W.2d 478, 482 (Tex.1964), Justice Norvell, speaking for the Supreme Court, said:

It is a rule of general application that when an appeal is perfected to the Court of Civil Appeals, the latter Court . . . acquires plenary exclusive jurisdiction

over the entire controversy. . . . Similarly, when an application for writ of error is filed in this Court, our jurisdiction, which is likewise exclusive in nature, attaches to the cause. (Cases cited therein.)

*Accord,* Ex parte Conway, 419 S.W.2d 827, 829 (Tex.1967); Wieser v. Manning, 471 S.W.2d 154, 155 (Tex.Civ.App.—Waco 1971, no writ); Eli Lilly and Co. v. Casey, 457 S.W.2d 82, 85 (Tex.Civ.App.—Eastland 1970, no writ). Since we have no jurisdiction in the matter at the present time, the motion for contempt must be dismissed.