**HUMBLE EXPLORATION COMPANY,
et al., Appellants,**

v.

**Jane H. BROWNING, et al., Appellees.**

**No. 05–82–01378–CV.**

Court of Appeals of Texas,
Dallas.

March 26, 1985.

Rehearing Denied April 25, 1985.

**322**

Joe H. Reynolds, Kay T. Pierce, T. Lamar McCorkle, Jr., J. Bruce Bennett, Reynolds, Allen & Cook, Dallas, for appellants.

R. Jack Ayres, Jr., Kenneth F. Nye, Thomas V. Murto III, Larry B. Dwight, G.H. Kelsoe, Kelsoe & Kelsoe, Joseph W. Geary, Geary, Stahl & Spencer, Dallas, for appellees.

CLAUDE WILLIAMS, Retired Chief Justice.

ON MOTION OF APPELLEES TO STRIKE APPELLANT'S. MOTION TO WITHDRAW JUDGMENT DISMISSING APPEAL AND APPELLEE'S MOTION TO SET ASIDE THE COURT'S ORDER OF OCTOBER 4, 1984

Resolution of the questions presented by these motions requires an answer to two questions: (1) does the court of appeals have plenary power over its judgments within the term after a motion for rehearing is overruled and (2) if such a plenary power existed was it properly applied in the instant case. In answer to the first question we hold that the Court of Appeals does possess a plenary power over its judgments within the term after the motion for rehearing is overruled. In answer to the second question we hold that the court of appeals improperly applied its plenary power in the instant case and therefore the judgment of this court rendered on July 11, 1984 should be reinstated.

A comprehensive resume of the background of this case is essential. After the appeal of this case had been perfected to this court numerous motions were filed. Appellees filed their motion to dismiss the appeal and appellants filed their motion to abate the appeal pending the outcome of the proceedings in the case in the United States District Court and United States Court of Appeals. This court unanimously overruled and denied the plea in abatement. Thereafter, on February 9, 1984, appellees' motion to dismiss the appeal was argued before the court. After having the matter under consideration for several months and being fully advised of all the facts, circumstances, and law revealed by the record and briefs, this court, on July 11, 1984, unanimously delivered a comprehensive opinion by Justice Keith in which appellees' motion to dismiss the appeal was granted. *Humble Exploration Co. v. Browning*, 677 S.W.2d 111 (Tex.App.—Dallas 1984, no writ).

Appellants filed their motion for rehearing in due time and on September 7, 1984 this court unanimously overruled such motion.

Thereafter, on October 3, 1984, twenty-six days later and without any effort to

comply with Rule 21c Texas Rules of Civil Procedure, which specifically mandates that a motion be filed and approved in order to file a second motion for rehearing, appellants filed a "motion to withdraw judgment granting appellees motion to dismiss appeal." A careful examination of this motion reveals that same was obviously wrongfully and purposely denominated and constituted nothing more than a second motion for rehearing which could not be legally filed in this court after 15 days of the order of this court on September 7, 1984, as specifically mandated by Rule 21c.

Although faced with the undeniable fact that the judgment and opinion of this court became final after the fifteenth day after the unanimous order overruling the only legally filed motion for rehearing on September 7, 1984, a majority of the court, on October 4, 1984, over the vigorous and emphatic dissent of Chief Justice Williams, and without notice to the parties, caused the entry of an *ex parte order* sustaining appellants' motion to withdraw judgment dismissing the appeal and thereby vacating the court's judgment of July 11, 1984, and allowing the filing of motions and briefs.

Now, various motions and briefs having been submitted it becomes necessary to decide the questions set forth above.

## PLENARY POWER OF APPELLATE COURT

■ The question here presented concerns the effect of the term of the appellate court which, as prescribed by statute, "shall begin and end with the calendar year." TEX.REV.CIV.STAT.ANN. art. 1816 (Vernon Supp.1984). According to common law, every court of general jurisdiction has inherent power to set aside or modify its judgments within the term at which they were rendered. This rule was firmly recognized with respect to trial courts. *Townes v. Lattimore*, 114 Tex. 511, 272 S.W. 435, 436 (1925); *See, Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex.1979). It was equally well recognized with respect to the courts of civil appeals. *Henningsmeyer v. First State Bank*, 109 Tex. 116, 195 S.W. 1137, 1138 (1917); *McGhee v. Romatka*, 92 Tex. 241, 47 S.W. 520 (1898).

■ The period within which a trial court may exercise this inherent power was modified by the special practice act and later by the Texas Rules of Civil Procedure. The original act provided that the judgment of a district court should become "final" on expiration of thirty days after rendition of the judgment or the overruling of a motion for new trial "as if the term of court had expired." TEX.LAWS 1923 p. 215. This provision was construed as continuing the court's jurisdiction until thirty days after the motion for new trial was acted on, even though no action was taken within the term. *Nevitt v. Wilson*, 116 Tex. 29, 285 S.W. 1079 (1926). This construction, according to the supreme court, was in line with the rule that statutes governing new trials will not be construed as attempting to abridge the courts inherent power to grant new trials so long as it has jurisdiction of the case. *See Nevitt*, 285 S.W. at 1083.

■ Since the original act, according to *Nevitt*, set no limit on the period of the trial court's power over its judgments when a motion for new trial was filed, the Act was amended to provide that a motion for new trial is overruled by operation of law if not acted on within forty-five days after it is filed. TEX.LAWS 1930, p. 227. Under this amendment, the court's plenary jurisdiction ends, not when the motion for new trial is overruled, but thirty days later, as if the term of the court had been expired. *Dallas Storage & Warehouse v. Taylor*, 124 Tex. 315, 77 S.W.2d 1031, 1034 (1934). In *Dallas Storage* the supreme court construed the provisions of the Act prescribing the times for filing and amending a motion for new trial as mandatory, but held that this construction "does not trench upon the inherent power of the court to exercise control over its judgments during the time in which it is rendered, so long as it has jurisdiction of the cause." In *Dallas Storage* the court construed the statute to mean that the district court term

ends with respect to any particular case thirty days after the judgment, if no timely motion for new trial is filed, or thirty days after a timely motion is overruled, either by order or by operation of law. Consequently, although an untimely motion for new trial has no effect, the court may still grant a new trial so long as its jurisdiction continues, that is, until the end of the term as defined by the statute with respect to the particular case.

These provisions of the Special Practice Act were carried forward in the Texas Rules of Civil Procedure. Rule 329b, Texas Rules of Civil Procedure, as recently amended, no longer provides that the judgment shall be "final" and makes no provision concerning the end of the term. Instead, it defines the court's "plenary power to grant a new trial or vacate, modify, correct or reform the judgment," with substantially the same effect. TEX.R.CIV.P. 329b(d)–(f). Thus, subdivision (e) provides that the "plenary power" continues "until thirty days after such timely filed motions are overruled."

■ No similar statute or rule has been adopted with respect to the terms of the appellate courts or their powers over judgments. Consequently, this power continues until the end of the calendar year, when the term ends, as provided by article 1816, unless the exclusive jurisdiction of the supreme court has attached by the filing of an application for writ of error. The continuation of this power after the motion for rehearing is overruled is recognized by rule 446 of the Texas Rules of Civil Procedure, which provides:

> If a Court of Appeals vacates, modifies, corrects, or reforms its judgment after the mandate has been issued, the mandate shall have no further effect and a new mandate may be issued.

Of course, no mandate can properly be issued until the motion for rehearing has been overruled or the time for filing such a motion has expired. TEX.R.CIV.P. 442.

The significance of the end of the term of the appellate court after adoption of the Rules of Civil Procedure was recognized by

the supreme court in *Wilson Independent School District v. Weaver,* 143 Tex. 530, 187 S.W.2d 221, 222 (1945). The only question presented was whether the jurisdiction of the court of civil appeals continued into the succeeding term, and the supreme court held that it did because of the pendency of a motion to certify at the expiration of the term. From this opinion it is clear that nothing in the present rules changes the rule followed under the former statutes that the appellate court has jurisdiction until the expiration of the term.

■ When the appeal is perfected, the court of appeals "acquires plenary jurisdiction over the entire controversy," but when an application for writ of error is filed, the exclusive jurisdiction of the supreme court attaches. *Ammex Warehouse Company v. Archer,* 381 S.W.2d 478, 482 (Tex.1964). Thus, it is clear that the filing of an application for writ of error, as well as expiration of the term, terminates the jurisdiction of the intermediate court. *Johnson v. Sovereign Corporation,* 125 Tex. 329, 83 S.W.2d 605, 608 (1935); *Coiffure Continental v. Allert,* 521 S.W.2d 665 (Tex.Civ. App.—Dallas 1975, no writ). Moreover, the intermediate court has no power to change its judgment after the supreme court has approved it by denying a writ of error. *Gammel Statesman Publishing Co. v. Ben C. Jones & Co.,* 206 S.W. 931 (Tex.Comm.'n App.1918, *holding approved*). Therefore we find no support for the view that between the overruling of the motions for rehearing and the filing for application for writ of error there is a hiatus during which no court has jurisdiction. Nevertheless, appellate judgments are not without finality. If no application for writ of error is filed, nothing is pending in the court of appeals, the court's jurisdiction terminates with the end of the term, *Kruegel v. Rawlins,* 182 S.W. 705 (Tex.Civ. App.—Dallas 1916, writ ref'd), in which this court held that it had no jurisdiction to set aside its judgment "after the adjournment of the term at which it was rendered."

## THE PROPER EXERCISE OF PLENARY JURISDICTION

The record before us, both as to facts and as to the law, is clear. The opinion of this court dismissing the appeal was rendered on July 11, 1984, by unanimous court. Thereafter on September 7, 1984, this court unanimously overruled appellants motion for rehearing. Twenty six days later, on October 3, 1984, and without making any effort to file a petition for writ of error in the Supreme Court of Texas, the appellants filed in this court what they designated as a "motion to withdraw judgment granting appellees motion to dismiss appeal." Prior to the filing of such motion appellants made no effort to comply with the terms and conditions of rule 21c TEX. R.CIV.P. which specifically mandates that a motion be filed and approved in order to file a second motion for rehearing. Appellants now redenominate that their "motion to withdraw" and say it was really a "motion to reinstate." Regardless of the style attached to the motion a review of same reveals that it is nothing more than a second motion for rehearing. Chief Justice Guittard, in *Plenary Motions in the Appellate Court*, State Bar of Texas, APPELLATE PROCEDURE IN TEXAS § 18 (2d ed. 1979), states:

> After an appeal is dismissed, an appellant may file a motion to reinstate on the ground that the dismissal was improper. Such a motion is, in effect, a motion for rehearing with respect to the dismissal.

APPELLATE PROCEDURE IN TEXAS at 398–399.

■ Chief Justice Guittard's analysis that a motion to reinstate an appeal, like a motion to vacate or a motion to withdraw the judgment dismissing the appeal, is in effect a motion for rehearing is supported by *Blaylock v. Slocomb*, 245 S.W. 648 (Tex. Comm.App.1922, judgment adopted); *Kruegel v. Rawlins*, 182 S.W. 705 (Tex.Civ. App.—Dallas, 1916, writ ref'd); *Gammel Statesman Publishing Co. v. Ben C. Jones & Co.*, 206 S.W. 931 (Tex.Comm.App.1918, holding approved) and *Wilson Finance Co. v. State*, 348 S.W.2d 639, 641 (Tex.Civ. App.—Austin 1961, no writ). Thus, it is apparent that appellants have failed to meet the mandatory time requirements of rule 458 Texas Rules of Civil Procedure. This rule specifically requires that any further motion for rehearing must be filed within fifteen days of the order complained of. In addition rule 458(b) provides in relevant part, that:

> when a further motion for rehearing is filed the regulations contained in section (a) of this rule and rule 460 and 468 shall apply to it as though it was a first motion for rehearing.

The mandatory time limitations imposed by rule 458 are made inflexible by the expressed provisions of rule 5 Texas Rules Civil Procedure which state in substance, that neither trial nor appellate courts may

> not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing or the period for taking an appeal or writ of error from the trial court to any higher court or the period for application for writ of error in the Supreme Court, as except as stated in these rules.

It is thus quite apparent that when the supreme court adopted the Rules of Civil Procedure in 1941 it imposed a strict limitation upon the authority of the courts of appeals to consider and grant untimely motions for rehearing. It has consistently refused to permit enlargement for motions for rehearing. It is thus apparent that when a statute or rules specifically addresses a subject, such as mandatory time limits when considering a motion for rehearing, a court should not act contrary to or in circumvention of the statute or rule, otherwise the statute or rule would have no meaning because in a given case each court could by inherent power exempt itself from the rule whenever the alleged need arose. *Reynolds v. Dallas County*, 146 Tex. 372, 207 S.W.2d 362 (1948); *Winter v. Hamilton*, 214 S.W.2d 330 (Tex.Civ.App.—Eastland 1948, no writ); *Bell v. Reins Co.*, 326 S.W.2d 189 (Tex.Civ.App.—Texarkana 1959, no writ); *Saunders v. Martin*, 390 S.W.2d 513 (Tex.Civ.App.—Texarkana

1965, no writ); *West Texas Equipment Co. v. Walker,* 417 S.W.2d 864 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.); *Ector County Independent School District v. Hopkins,* 518 S.W.2d 576 (Tex.Civ.App.—El Paso 1974, no writ) (time for filing a motion for rehearing may not be extended by agreement of the parties or by action of the court).

Rule 21c, Texas Rules of Civil Procedure, provides in relevant part that:

\*　　\*　　\*　　\*　　\*　　\*

(1) an extension of time may be granted for late filing in a court of appeals of a transcript, statement of facts, *motion for rehearing,* or application of the supreme court for writ of error, if a motion reasonable explaining the need therefore is filed within fifteen days of the last date of filing as prescribed by the applicable rules or rule. (Emphasis supplied).

The leading commentators on the meaning of rule 21c when it was adopted were in agreement that a motion under rule 21c was a prerequisite to invoking the jurisdiction of the court to consider late filed documents governed by rule 21c. Pope and McConnico "Practising Law with the 1981 Texas Rules," 32 *Baylor Law Review* 457, 509 (1980). This court in *Wallace v. Texas Employers Insurance Association,* 624 S.W.2d 268 (Tex.Civ.App.—Dallas 1981, no writ); and the Austin Court of Appeals in *Exposition of Apartments Co. v. Barba,* 624 S.W.2d 414 (Tex.Civ.App.—Austin 1981, no writ) held that the purpose in effect of rule 21c was to eliminate the jurisdictional effect of filing deadlines and return to them the discretion they possessed prior to the adoption of the rules of civil procedure and, accordingly, held that there was no mandatory requirement that a formal motion under rule 21c be filed within fifteen days of the due date. However, other courts of appeal, recognizing the limitations contained in rule 21c, held that they lacked authority to permit late filing in the absence of a motion under rule 21c. *Briscoe v. Gulf Supply Co. Inc.,* 612 S.W.2d 88 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.); *In re Brazil,* 621 S.W.2d 811 (Tex.

Civ.App.—Eastland 1981, no writ); *Mitchell v. Carter,* 545 S.W.2d 869 (Tex.Civ.App.—Waco 1976, no writ).

This conflict between the courts of appeal culminated in a decision by the Supreme Court of Texas in *B.D. Click Inc. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982). Starting with the approval by Chief Justice Pope in the *Baylor Law Review, supra,* the supreme court expressly disapproved of the decision of the courts of appeal in *Wallace and Exposition Apartment Company* and held that:

appellants motion for an extension of time to file a transcript and statement of facts must be filed within fifteen days of the last day for filing as prescribed by rule 21c.

\*　　\*　　\*　　\*　　\*　　\*

The language utilized by Justice Barrow, speaking for a unanimous Supreme Court in *Click* is extremely significant and applicable to a rationalization to the question presented in this case. Justice Barrow stated:

It must be recognized that the time limits prescribed by Rule 21c accomplishes an important purpose by fixing the date a judgment becomes final. Valuable property and personal rights are fixed as of that time. If a record may be filed at any time after the cost bond is timely filed a successful litigant will not know when the judgment becomes final. It is significant that Rule 21c was not revised in any manner by the 1981 amendment of the rules. To the contrary, the requirements of this rule were expressly reaffirmed in the revision of Rule 437. *This is clear indication that Rules 21c and 437 are viable and mean exactly what they say.*

\*　　\*　　\*　　\*　　\*　　\*

The record here establishes that appellant Click did not timely file the transcript and statement of facts *or file a motion for extension of time within fifteen days of the due date. Therefore, the court of civil appeals properly held that it did not have the authority to*

*consider Click's motion for extension of time for filing the record.* (Emphasis supplied).

We wholeheartedly agree with Justice Barrow that rules mean what they say and are to be followed and are not to be disregarded or circumvented.

This court, in an opinion, written by Chief Justice Guittard, *Carrao v. Committee of the Unauthorized Practice of Law, State Bar of Texas,* 638 S.W.2d 183 (Tex. App.—[5th Dist.] 1982, no writ) held that, pursuant to the supreme court decision in *Click,* with regard to a motion heard by the court two weeks prior to the *Click* decision, it had erred by granting an untimely 21c motion to permit the filing of a statement of facts even when agreed to by the appellee. In holding that the court had no authority to consider either the statement of facts or the motion for rehearing, Chief Justice Guittard wrote:

> If we have no authority under the rules to consider a late motion to extend the time for filing the record, the same rules deny us authority to consider a motion for rehearing of a late motion. Consequently, our granting the motion for rehearing was erroneous and must now be set aside.

> Our authority in this respect is not affected by the appellees letter in response to the motion for rehearing stating that it had no objection to the late filing. Since the court had no authority to consider the late motion, such lack of authority is not a matter that can be waived by lack of objection.

Acknowledging that the Supreme Court of Texas has definitely announced that "rules mean what they say" and should be obeyed and not ignored, appellants revert to an application to this court to take for plenary jurisdiction to circumvent and evade the announced rule. We find no case law supporting this contention and while we reiterate that the court does have certain limited plenary authority we are of the opinion that to apply such authority in a manner contrary to the expressed rules in an extra-legal fashion is without authority in Texas Jurisdiction.

■ Of course, it is not to be questioned that Texas courts do have inherent power to (1) enforce their judgments, (2) to correct clerical errors and (3) to declare that a prior judgment was void. None of these are applicable to this case. It has long been recognized that the power of Texas Courts to correct clerical, but not judicial, errors at subsequent times is necessary and is not limited to a particular time. *Davis v. Preston,* 35 S.W.2d 403 (Tex.Comm'n App. 1931). The same power exists when a timely motion brings to the courts attention that the mandate on its face purports to adjudicate matters that were not before the court in that case. *O'Neil v. Mack Trucks Inc.,* 551 S.W.2d 32 (Tex.1977), and the same rule applies where a mandate has prematurely been issued. *Brazell v. Murray,* 481 S.W.2d 801 (Tex.1972).

However, the fact that this court has certain inherent power to correct clerical errors in its mandate does not aid appellants attempt to have this court act upon their late filed motion for rehearing in direct contravention of the rules of civil procedure.

It is the opinion of this court that when called upon to exercise plenary jurisdiction that extreme care and caution and very careful discretion should be exercised. We do not feel that this was done in the untimely and *ex parte* granting of the motion to set aside our prior decision of July 11, 1984.

The jurisdiction of the courts of appeal and their power and authority to act are directed by the Constitution of the State of Texas which itself contains express limitations upon such powers. Article 5 § 6 of the Constitution provides in relevant part:

\*   \*   \*   \*   \*   \*

> (the) Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases in which the district courts or county courts have original or appellate jurisdiction, *under*

*such restriction* and *regulations as may be prescribed by law,* (Emphasis supplied).

\*    \*    \*    \*    \*    \*

said court shall have such other jurisdiction, original and appellate, as may be prescribed by law

\*    \*    \*    \*    \*    \*

■ Since the court of appeals derives its jurisdiction from the Constitution, the courts power and authority to act is limited and controlled by the statutes and rules which govern its existence. These rules both create and limit the manner and method by which such power may be exercised. The Constitution, rules and laws are both inclusive of the power and authority of the court to act and exclusive of any authority to act in a manner inconsistent with the statute or rules. Thus, where a rule authorizes a court to act in a specific manner it shall not be done otherwise. *Bryan v. Sundberg,* 5 Tex. 209, 212 (1849); *County School Trustees of Lubbock Co. v. Harrell County Line Independent School District,* 95 S.W.2d 204, 206 (Tex.Civ.App.—Amarillo 1936, no writ); *Heard v. Heard,* 305 S.W.2d 231, 235 (Tex.Civ.App.—Galveston 1957, writ ref'd).

In our research we have discovered the most fitting and relevant language which lays to rest any question concerning the proper answer to be questioned concerning the appropriate use of plenary authority. In *Duncan v. Magatte,* 25 Tex. 245 (1860) Justice Roberts used the following beautiful language:

Justice is the dictate of right, according to the common consent of mankind generally, or of that portion of mankind generally who may be associated in one government, or who may be governed by the same principles and morals.

Law is a system of rules, conformable, as must be supposed, to this standard, and devised upon an enlarged view of the relations of persons and things, as they practically exist. Justice is a chaotic mass of principles. Law is the same mass of principles, classified, reduced to order, and put in the shape of rules,

agreed upon by this ascertained common consent. Justice is the virgin gold of the mines, that passes for its intrinsic worth in every case, but is subject to a varying value, according to the scales through which it passes. Law is the coin from the mint, with its value ascertained and fixed, with the stamp of government upon it which insures and denotes its current value.

The act of molding justice into a system of rules detracts from its capacity of abstract adaptation in each particular case; and the rules of law, when applied to each case, are most usually but an approximation to justice. Still, mankind have generally thought it better to have their rights determined by such a system of rules, than by the sense of abstract justice, as determined by any one man, or a set of men, whose duty may have been to have adjudged them.

Whoever undertakes to determine a case solely by his own notions of his abstract justice, breaks down the barriers by which rules of justice are erected into a system, and thereby annihilates law.

A sense of justice, however, must and should have an important influence upon every well organized mind in the adjudication of causes. Its proper province is to superinduce an anxious desire to search out and apply, in their true spirit, the appropriate rules of law. It cannot be lost sight of. In this, it is like the polar star that guides the voyager, although it may not stand over the port of destination.

To follow the dictates of justice, when in harmony with the law, must be a pleasure; but to follow the rules of law, in their true spirit, to whatever consequences they may lead, is a duty. This applies as well to rules establishing remedies, as to those establishing rights.

What more can be said?

■ We hold therefore, that the order of this court of October 4, 1984 vacating the judgment of this court of July 11, 1984 was improperly granted and should be vacated.

## SUMMARY AND CONCLUSIONS

For the reasons above given our order is as follows:

(1) Appellees motion to strike appellants motion to withdraw our order dismissing the appeal is granted;

(2) Appellees motion to reconsider our order of October 4, 1984, is granted;

(3) We set aside our order of October 4, 1984, vacating the judgment of July 11, 1984, and reinstate such order dismissing this appeal;

(4) Appellees motion for issuance of mandate is granted;

(5) Any costs incurred in these proceedings are assessed against appellants.

AKIN, STEPHENS, SPARLING, ALLEN, WHITHAM, GUILLOT, MALONEY, McCLUNG, and KEITH, JJ., join in the majority.

GUITTARD, C.J., dissenting, joined by CARVER, VANCE, DEVANY, HOWELL and MALONEY, JJ.

GUITTARD, Chief Justice, dissenting.

I agree with most of the majority opinion. I agree that on October 4, 1984, this court had plenary power over its judgment of July 11, 1984, dismissing the appeal. I agree that this power should be exercised with "extreme care and caution and very careful discretion." I agree that appellants' "motion to withdraw judgment granting appellees' motion to dismiss appeal," filed on October 3, 1984, had no legal effect and could not properly be treated as a motion for rehearing. I do not agree, however, that our order of October 4 vacating the dismissal was improper. I conclude, rather, that extraordinary circumstances intervening after September 7, 1984, when appellants' motion for rehearing was overruled, presented one of those rare situations that properly called for the application of this court's plenary power. Because of these circumstances, I would adhere to our order vacating the dismissal and would reinstate the appeal.

The majority opinion omits facts that I regard as crucial. This appeal was dismissed on July 11, 1984, on the ground that appellants were barred from further relief in the state courts because they sought and obtained a nullification of the state trial court's judgment in a federal court on a ground that they failed to raise in the state court. *Humble Exploration Co. v. Browning*, 677 S.W.2d 111, 113 (Tex.App. —Dallas 1984, no writ). This collateral review was successful in the federal district court, which held that the judgment of the state court was void on the grounds that the state court trial did not comply with the bankruptcy court's remand order and that it was conducted in violation of the automatic stay of 11 U.S.C. § 362. *Browning v. Navarro*, 37 B.R. 201, 210 (N.D.Tex. 1983), *rev'd and remanded*, 743 F.2d 1069 (5th Cir.1984). Appellants filed in this court a "motion for rehearing of the order of dismissal," which was overruled in September 1984. Then on October 1, 1984, the United States Court of Appeals for the Fifth Circuit reversed the judgment of the federal district court, holding that under the facts of this case no attack upon the state court's jurisdiction could properly be made in the federal court action because the proceedings in the state trial court were not contrary to the bankruptcy court's remand order or the automatic stay of section 362. *Browning v. Navarro*, 743 F.2d 1069, 1082, 1085 (5th Cir.1984).

The opinion of the federal court of appeals was called to this court's attention by counsel for both parties. In fact, appellants' "motion to withdraw judgment granting appellees' motion to dismiss appeal" had no legal effect other than to call that opinion to our attention. Because that opinion raised serious questions concerning the basis of our judgment of dismissal, a majority of this court vacated our judgment of dismissal and invited the parties to submit written arguments. We acted *ex parte* in vacating our judgment of dismissal because we realized that appellants' time for filing an application for writ of error on our judgment of dismissal would have expired before this court could allow

appellees the usual time to respond to appellants' motion to withdraw our judgment of dismissal. We recognized that appellees would not be prejudiced by this *ex parte* order because they would have full opportunity to present to us the contention that we had no further jurisdiction of the appeal and that we should allow the dismissal to stand. In response to our invitation, counsel have presented full briefs on the question of our plenary jurisdiction. I agree with the majority that we did have plenary jurisdiction over our judgment of dismissal. Moreover, I am persuaded, although the majority is not, that our plenary jurisdiction was properly exercised.

My analysis of the federal court of appeals' opinion has convinced me that it completely undermines our decision dismissing the appeal. We held that appellants should be limited to their remedy in the federal courts because, by analogy to the doctrine of election of remedies as applied in such cases as *Saner-Whiteman Lumber Co. v. Texas & New Orleans Railway Co.*, 288 S.W. 127, 128 (Tex.Comm'n App.1926, holding approved), when a litigant makes a choice between two inconsistent remedies for the same wrong, he should be bound by that choice. *Humble Exploration*, 677 S.W.2d at 115. We were persuaded that a litigant ought not to be able to speculate on a judgment in the state court by reserving a complaint not raised there for a subsequent attack on the judgment in the federal court in the event of an adverse judgment in the state court. Consequently, we concluded that a successful attack on the judgment in the federal court on a ground that could have been raised in the state court should preclude appellants from further relief in the state court system by way of appeal. In reaching that decision, we took the federal law as declared by Judge Sanders in the federal district court, which we interpreted to permit such review in federal court of state court proceedings for violation of conditions of remand by the bankruptcy court, *Humble Exploration*, 677 S.W.2d at 113 (citing *Browning*, 37 B.R. 201). We were concerned, also, that the availability of such federal-court review

would jeopardize the authority of state courts to try and decide cases remanded from the bankruptcy court in accordance with state rules of procedure and recognized principles of state law. *Humble Exploration*, 677 S.W.2d at 114.

The decision of the federal court of appeals now casts an entirely different light on the matter. That court has decided that the remedy appellants sought in the federal courts is not available to them. Moreover, that court has strongly indicated in its opinion that the federal courts have no disposition to interpret their exclusive powers under the Bankruptcy Act to authorize the imposition of conditions inconsistent with state law on cases remanded by the bankruptcy court for trial in a state court. In view of that opinion, it appears that these appellants had no opportunity to speculate on the state court judgment and avoid an adverse result by raising in a federal court proceeding a ground not raised in the state court.

Accordingly, we must now decide whether appellants' unsuccessful attempt to pursue in the federal courts a remedy not available there precludes them from obtaining a review of the judgment by our court. Our analogy to the doctrine of election of remedies suggests that appellants are not precluded by their attempt to pursue an unavailable remedy. The established rule in Texas is that the doctrine of election requires that two inconsistent remedies be available; consequently, an attempt to enforce a supposed but nonexistent remedy does not constitute an election. *Poe v. Continental Oil & Cotton Co.*, 231 S.W. 717, 719 (Tex.Comm'n App.1921, holding approved); *Schwarz v. National Loan & Investment Co.*, 133 S.W.2d 133, 136 (Tex. Civ.App.—Dallas 1939, writ ref'd). Texas courts have regarded the doctrine of election with disfavor and have refused to extend it. *Custom Leasing, Inc. v. Texas Bank & Trust Co.*, 491 S.W.2d 869, 871 (Tex.1973). I can find no authority applying the doctrine of election in a situation like the present.

Nor can I agree with appellees' contention that a collateral attack based on the contention that a judgment is void is necessarily inconsistent with an appeal complaining of other errors. In *Winters Mutual Aid Association Circle No. 2 v. Reddin,* 49 S.W.2d 1095, 1096–97 (Tex.Comm'n App. 1932, holding approved), the supreme court refused to dismiss an appeal although the appealing party had filed a bill of review in the trial court attacking the same judgment on equitable grounds. The supreme court approved the holding of the commission of appeals that the two remedies were not inconsistent. *Winters,* 49 S.W.2d at 1097. In accord with *Winters,* I conclude that appellants' unsuccessful claim in the federal court that the judgment is void is not in itself such an inconsistent position as to require dismissal of this appeal.

Appellees insist further, however, that appellants have forfeited their right of appeal here because they did, in fact, trifle with the state trial court by failing to raise there their contention of lack of jurisdiction resulting from the alleged violation of the remand order and then only presenting that claim in the federal court after suffering an adverse judgment in the state court. This argument is untenable in the light of the federal court of appeals' holding that the state trial court had full jurisdiction under the provisions of the remand order. I cannot agree that appellants should be penalized for failing to raise a contention in the state court that would not have been well taken and could not have been properly sustained there even if it had been raised.

In dismissing the appeal on July 11, we were convinced that appellees should not be burdened with dual review of their judgment in both state and federal court systems, as the federal district court opinion appeared to allow. *Humble Exploration,* 677 S.W.2d at 114–15. Since the federal court of appeals has now held that no dual review is available in this case, our present question is whether appellants, by their attempt to pursue an unavailable remedy,

have forfeited their right of review in this court. In the light of the present record, I do not regard the federal court action as an improper delaying maneuver. The federal court action in which the judgment was attacked was not initiated by appellants, but by appellees, who sought enforcement of their judgment in the federal court because of the pendency of the bankruptcy proceedings. The bankrupt appellants, being unable to post a supersedeas bond, advanced an argument which, although it was ultimately rejected by the federal court of appeals, was plausible enough to convince the United States district judge that the state court judgment was void. I cannot say that this unsuccessful employment of the art of advocacy to resist enforcement of a judgment pending appeal was so reprehensible as to forfeit appellants' right to have that judgment reviewed for whatever errors may have been committed in the state court.

The majority opinion cites cases holding that this court has no power to extend the time prescribed by rule 458 [1] for filing a motion for rehearing except on a motion to extend complying with rule 21c. Those authorities, in my view, do not limit our plenary power over our judgments, which, as the majority recognizes, continues until the end of the term in which they were issued or until an application for writ of error is filed. The time for filing a motion for rehearing has nothing to do with the duration of the court's plenary power after a motion for rehearing has been overruled. Whether an appellate court can extend the time for filing a motion for rehearing without a timely motion to extend and whether such a motion can be considered as a predicate for an application for writ of error are separate questions that are irrelevant to our present problem. If the court retains until the end of the term the plenary power to act sua sponte, then the filing of an untimely motion cannot operate to limit that power. Although our order of October 4 recites the filing of appellants' "motion to withdraw judgment," it does not

---

**1.** All references in the opinion to "rules" are to the Texas Rules of Civil Procedure.

provide that the motion is granted; rather it is consistent with the exercise of our plenary jurisdiction sua sponte. Of course, if we had jurisdiction to act sua sponte, as the majority concedes, an order purporting to grant an untimely motion would not be ineffective to vacate our earlier judgment if the order provided, as this order does, that the earlier judgment was vacated. I agree that no order of this court could give an untimely motion validity as a predicate for an application for writ of error to the supreme court.

This interpretation of rule 458 is supported by *Wilson Independent School District v. Weaver*, 143 Tex. 530, 187 S.W.2d 221, 222 (1945). In that case the supreme court upheld the action of the intermediate court in setting aside its original judgment and rendering a different judgment after a motion for rehearing had already been overruled. The supreme court held that even expiration of the term did not preclude this reconsideration because at the end of the term a motion to certify questions to the supreme court was pending. (This motion was granted in the next term, but certification was not permitted by the supreme court.) Thus, *Wilson Independent School District* stands for the rule that an appellate court's plenary power to reconsider and change its judgments extends to a succeeding term, even though a motion for rehearing has been overruled, if any other matter is properly pending before the appellate court at the expiration of the term. Our reconsideration here need not go that far because on October 4, when we vacated our order of July 11 dismissing the appeal, the term had not expired.

Further support for my interpretation of the court's plenary power is found in *Garrett v. Katz*, 27 S.W.2d 373, 374 (Tex.Civ. App.—Dallas 1930, no writ), where this court corrected a judgment to delete recovery on a supersedeas bond "as the term of court at which it was entered had not ended." By its nature, the court's plenary power is not limited to the correction of clerical errors and the like. The power to correct clerical errors, etc., continues even though the court's plenary jurisdiction has

expired with the end of the term. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 293 (1953); TEX.R.CIV.P. 316, 317; *see also Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1969). Moreover, the present problem is not affected by *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982), and the other decisions holding that an appellate court has no authority to consider a late-filed record unless it has granted a timely motion to extend in compliance with rule 21c. I agree with the majority that rule 458, like the rules covering the times for filing records, means what it says and must be given effect when applicable. Our authority to consider a late record, however, is not analogous to our plenary power over our judgments. The former is limited by the rules, as held in *Click* (and by rule 386 as recently amended), while the latter continues, as even the majority recognizes, until the end of the term or until an application for writ of error is filed. Application of the *Click* rule to the present situation would nullify the doctrine of plenary power and leave the appellate court with no power over its judgment after a motion for rehearing has been overruled or, in absence of a timely motion for rehearing, the time for filing such a motion has expired, notwithstanding the continuation of the court's term, which begins and ends with the calendar year, as provided by TEX. REV.CIV.STAT.ANN. art. 1816 (Vernon Supp.1984).

For the reasons stated, I conclude that the extraordinary circumstances of this case present a situation in which this court should exercise its plenary jurisdiction and give appellants an opportunity to present their appeal. Although they have complied with all applicable rules, have filed an extensive record, and have prepared an elaborate brief, they have been denied their right of review of a multi-million dollar judgment on the ground that they pursued an inconsistent remedy in the federal courts, a remedy now held to be unavailable by the federal court of appeals. Consequently, I would adhere to our order of October 4 vacating our dismissal order

of July 11 and would set the case for submission and oral argument.

CARVER, VANCE, MALONEY, DEVANY, and HOWELL, JJ., join in the dissent.