NO. 07-08-0065-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 2, 2008

______________________________


ELIZABETH C. BRENT, APPELLANT

v.

MARTHA C. FIELD AND J & J CATTLE FAMILY
LIMITED PARTNERSHIP, APPELLEES

_________________________________

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 4300H; HON. RONALD E. ENNS, PRESIDING

_______________________________

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.



ORDER
Â Â Â Â Â Â Â Â Â Â Pending before the Court is Appellantâs Second Motion to Review Security for
Supersedeas or Alternatively Reconsider June 17 Opinion, filed June 19, 2008. On that
date, we issued an order in this appeal, containing the following:
It is ordered that enforcement of the following are stayed pending further
order from this Court:
Â 
1. the district courtâs judgment signed on January 25, 2008 in Cause
No. 4300H, styled Elizabeth C. Brent v. Martha C. Field and J & J
Cattle Family Limited Partnership, et al., from the 69th District Court
of Hartley County; and,
Â 
2. the Order to Hartley County District Clerk to Disburse Funds
signed on June 18, 2008.


Â Â Â Â Â Â Â Â Â Â According to a sworn motion filed in this Court on June 26, 2008, by appellant
Elizabeth C. Brent, on June 19, the Hartley County District Clerk issued checks disbursing
funds pursuant to the trial courtâs June 18 order, despite this Courtâs stay order. 
Â Â Â Â Â Â Â Â Â Â We are authorized by Rule of Appellate Procedure 24.4(c) to âissue any temporary
orders necessary to preserve the partiesâ rights.â Tex. R. App. P. 24.4(c). In addition, a
court has the inherent power to enforce its orders. See Humble Exploration Co. v.
Browning, 690 S.W.2d 321, 327 (Tex.App.âDallas 1985, writ refâd n.r.e.) cert. denied, 475
U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986); Tex. Govât Code Ann. Â§Â§ 21.001(a),
22.221(a) (Vernon 2004). To enforce our June 19 stay order, appellant Elizabeth C. Brent
and appellees Martha C. Field and J & J Cattle Family Limited Partnership, and their
agents, are enjoined from transferring, encumbering, hypothecating, and in any way
dissipating funds disbursed from the registry of the Hartley County District Clerk pursuant
to the trial courtâs June 18 order, until further order of this Court.
Â Â Â Â Â Â Â Â Â Â Oral argument on Appellantâs Second Motion to Review Security for Supersedeas
or Alternatively Reconsider June 17 Opinion is set for 11:00 a.m. on Monday, July 7, 2008,
in the courtroom of this Court. Counsel for Brent and Field should be prepared to discuss
the status of the funds apparently disbursed on June 19, as well as the status of all other
post-trial events and proceedings concerning suspension of the judgment of January 25
and the funds originally held by Amarillo National Bank in escrow.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam



ception Locked="false" Priority="29" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Quote"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0251-CR

Â 

 IN
THE COURT OF APPEALS

Â 

 FOR
THE SEVENTH DISTRICT OF TEXAS

Â 

 AT
AMARILLO

Â 

   PANEL
B

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  OCTOBER 4, 2010

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  JULIE
MARIE ST. CLAIR, 

Â 

Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, 

Â 

Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _________________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM THE 181ST DISTRICT COURT OF POTTER
COUNTY;

Â 

NO. 58,965-B; HON. JOHN BOARD.,
PRESIDING

_______________________________

Â 

Abatement and Remand

_______________________________

Â 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Â Â Â Â Â Â Â Â Â Â Â  Pending
before us is a joint motion to abate the appeal and remand the matter back to
the trial court so that findings of fact and conclusions of law can be filed.Â  The record reflects that
appellant, timely, filed a request for findings of fact and conclusions of
law.Â  However, none were ever filed.Â  In State v. Cullen, 195 S.W.3d 696,
699 (Tex. Crim. App. 2006), the Court of Criminal Appeals held that, "[u]pon the request of the losing party on a motion to suppress
evidence, the trial court shall state its essential findings." Â In Cullen, the Court explained that,
the trial court's refusal to state its findings and conclusions prevented the
court of appeals from a meaningful review of the decision to grant or deny the
motion to suppress.Â  Id. at 698.

Accordingly,
we abate the appeal and remand the matter back to the trial court.Â 
See Tex. R. App. P. 44.4.Â  We
further direct the Honorable John Board, judge of the 181st Judicial District
Court, Potter County, Texas, to execute findings of fact and conclusions of law
in this cause as required by State v.
Cullen, supra.Â  We also direct him to
execute his findings and conclusions and file them with the clerk of this
court, via a supplemental clerk's record, on or before November 3, 2010.Â  Upon the filing of the supplemental clerk's
record containing the findings and conclusions, the appeal will be reinstated.

It is so ordered.

Per Curiam