NO. 07-09-0243-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 27, 2009
_____

DARYL LONG AND NICOLE LONG, APPELLANT

V.

CIBOLO LIVERY STABLES, INC.,
AND TROY "TREY" S. MARTIN, III, APPELLEES
_____

FROM THE 433RD DISTRICT COURT OF COMAL COUNTY;

NO. 2008-280D; HONORABLE DIBRELL "DIB" WALDRIP, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ORDER ON MOTION TO DISMISS**

Before us is the motion to dismiss for want of jurisdiction filed by appellees Cibolo Livery Stables, Inc. and Troy (Trey) Martin III. Appellees contend we lack jurisdiction of the appeal because the notice of appeal filed by appellants Daryl Long and Nicole Long was untimely. We deny the motion. On our own motion, we abate the appeal and remand the case with instructions for further action.

Background

In their original petition, the Longs alleged that Daryl Long sustained personal injuries when he fell from bleachers while attending a rodeo at premises under the control of Cibolo and Martin. According to the Longs, Cibolo and Martin were negligent in several respects and as a proximate result the Longs suffered injury.

On June 9, 2008, Cibolo and Martin filed a traditional motion for summary judgment. They asserted the real property and improvements where Daryl Long alleged he suffered injury were owned by Martin and leased to Cibolo, and Cibolo subleased the property to subtenants who operated the rodeo facility. As the ground for their motion, Cibolo and Martin argued they owed the Longs no duty for dangerous conditions on the leased premises.

Cibolo and Martin subsequently filed a "supplemental motion for summary judgment." It included a no-evidence motion for summary judgment grounded, *inter alia*, on an absence of evidence by the Longs of a duty owed them by Cibolo and Martin, breach of that duty, and resulting damages.

The Longs responded to the motions for summary judgment. Prior to the summary judgment hearing, they also filed an amended petition adding a claim that Cibolo and Martin defrauded them by concealing ownership of the rodeo premises. The pleading further alleged that Cibolo and Martin were liable according to Restatement (Second) of Torts § 359 (1965). Cibolo and Martin did not amend their summary judgment motions to

address the matters raised by the amended petition. The motions for summary judgment were heard on August 28.

On September 24, 2008, the trial court signed an order granting the summary judgment motions.[1] The Longs filed a second amended petition on December 15. This pleading continued their premises liability claim but deleted the fraud allegation. Neither party requested, and the court did not sign, an order of non-suit or final order or judgment. Rather, Cibolo and Martin filed a third motion for summary judgment on December 22, asserting by traditional and no-evidence grounds that § 359 is not a viable cause of action in Texas and the Longs possessed no evidence supporting the elements of § 359. The Longs responded to the motions and moved alternatively for a continuance on the ground they had "not had an adequate opportunity for discovery." The motions were heard on January 14, 2009. Also on that date, the Longs filed a motion for new trial which prayed for "reinstate[ment]" of the case.

On March 13, the trial court signed an order granting the third motion for summary judgment of Cibolo and Martin. In its entirety, the body of the order provided:

ORDER ON DEFENDANTS' THIRD MOTION FOR SUMMARY JUDGMENT

On 14 January, 2009 came on to be heard Defendants' [sic] Cibolo Livery Stables, Inc.'s and Troy "Trey" S. Martin, III's Third Motion for Summary Judgment (the "Motion"). After considering the Motion, the response thereto,

---

[1] The order decreed the motions for summary judgment were "granted" without further elaboration. It also contained rulings on objections to summary judgment evidence filed by the parties.

the evidence and the arguments of counsel, the Court is of the opinion that the Motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion be and hereby is in all things GRANTED.

The Longs filed a notice of appeal by mail on June 11.

In their motion to dismiss, Cibolo and Martin assert we lack jurisdiction of the Longs' appeal because the September 24 order disposed of all causes of action except the fraud claim. And, they argue, when the Longs non-suited this claim by their December 15 amended petition, the September 24 order became final and the appellate timetable was triggered. By this reasoning, the Longs' January 14 motion for new trial extended the appellate timetable ninety days from December 15. The notice of appeal was not filed within this period or the additional time under the conditions of Rule of Appellate Procedure 26.3.

Our appellate jurisdiction derives from the Texas Constitution and our power and ability to act are controlled by applicable statutes and rules. Tex. Const. art. V, § 6; *see Humble Exploration Co. v. Browning,* 690 S.W.2d 321, 327-28 (Tex.App.–Dallas 1985, writ ref'd n.r.e). Appellate jurisdiction is properly invoked by timely filing a notice of appeal. *See* Tex. R. App. P. 25.1. The date of the final judgment determines whether a notice of appeal was timely filed. *Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) (appellate timetable runs from day court signed "whatever order disposes of any parties or issues remaining before the court").

By adding a fraud count to their petition, the Longs precluded the possibility of summary judgment on their entire case at the August 28 hearing. *See generally Strather v. Dolgencorp of Texas,* 96 S.W.3d 420, 423 (Tex.App.–Texarkana 2002, no pet.) (noting it is not uncommon for nonmovant to amend pleading in response to motion for summary judgment). The Longs non-suited their fraud claim by omitting it from their amended pleading filed on December 15. *See FKM P'ship v. Bd. of Regents of the Univ. of Houston Sys.,* 255 S.W.3d 619, 633 (Tex. 2008) (discussing non-suit by amended petition)*.*

Even assuming *arguendo* the September 24 order disposed of all claims and parties except the fraud claim, we disagree that dismissal of the fraud claim by amended petition initiated the appellate timetable. Neither party obtained a signed, written order of non-suit or final judgment after the Longs filed their amended petition. Rather, the next written order signed by the trial court was that of March 13. Critical to this discussion is the rule that the period for perfecting an appeal is calculated from the date a written order or judgment is signed, not from the date a pleading is filed. *Farmer,* 907 S.W.2d at 496 ("[w]hen a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by . . . nonsuit, the appellate timetable runs from the signing of a judgment or order disposing of those claims or parties"). *Cf. In re Bennett,* 960 S.W.2d 35, 38 (Tex. 1997) (filing notice of non-suit does not trigger appellate timetable; rather, appellate timetable runs from the date a trial court signs an order of dismissal). Filing the December 15 amended petition did not trigger the appellate timetable. Cibolo and Martin's motion to dismiss the appeal is therefore not well taken, and is overruled.

5

The events we have described lead us to question, however, the existence of a final judgment or order authorizing our exercise of appellate jurisdiction in this case. We therefore consider our jurisdiction *sua sponte*. *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ) (we are obligated to consider *sua sponte* our jurisdiction of a case on appeal). The jurisdiction of an appellate court is never presumed. *See El-Kareh v. Tex. Alcoholic Beverage Comm'n,* 874 S.W.2d 192, 194 (Tex.App.–Houston [14th Dist.] 1994, no writ). "Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal." *Ogletree v. Matthews,* 262 S.W.3d 316, 319 n.1 (Tex. 2007). Here there is no statutory basis for an interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a),(d) (Vernon 2008).

The trial court's March 13 order does not expressly dispose of the fraud claim dismissed by the Longs' December 15 amended pleading nor does it clearly and unequivocally state that it finally disposes of all parties and all claims. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 205 (Tex. 2001) (order or judgment "is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties"). The March 13 order enjoys no presumption of finality since it is the product of summary judgment proceedings. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.,* 167 S.W.3d 827, 829 (Tex. 2005) (no presumption of finality following a summary judgment or default judgment). And we are not aided by its content. Aside from the caption, it does not identify or name the Longs, *see* Tex. R. Civ. P. 306, it contains no expression of intended

6

finality, *see Lehmann*, at 206, and it does not address costs. Nor does the record provide assistance. *See id.,* 39 S.W.3d at 205-06 (instructing that finality determination may require examination of record). Rather, it depicts uncertainty. For example, the Longs filed a motion for new trial within thirty days of their December 15 amended petition but did not file a notice of appeal until June 11. Cibolo and Martin responded to the Longs' December 15 amended petition with yet another motion for summary judgment and at least twice submitted a proposed order substantively identical to that signed by the court on March 13. The Longs filed a notice of appeal ninety days after March 13.

From this record we are unable to say whether the trial court intended a final order or judgment. "If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court." *Lehmann,* 39 S.W.3d at 206; Tex. R. App. P. 27.2 (stating the appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record). *See Disco Mach. of Liberal Co. v. Payton*, 900 S.W.2d 71, 74 (Tex.App.–Amarillo 1995, writ denied) (abating for clarification).

We, therefore, abate the appeal and remand the case to the trial court. On remand, the trial court shall immediately give notice to appellate counsel and proceed apace to supplement the record so that it shows whether or not the trial court rendered a final order or judgment on March 13 and intended its March 13 order to completely dispose of all claims and all parties in the case. If the trial court intended such disposition, it shall modify the order to clearly and unequivocally evince that intent. If the trial court concludes it did

not so intend, it shall so certify in writing.  The trial court shall then include the modified order clarifying its intent regarding finality, or its certification that it did not so intend, in a supplemental clerk's record to be filed with the clerk of this court on or before November 23, 2009.

It is so ordered.

Per Curiam

Pirtle, J., dissenting.